UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADLEY HEPPNER,<br><br>Defendant. | 25 Cr. 503 (JSR) |

## GOVERNMENT'S REQUESTS TO CHARGE

JAY CLAYTON
United States Attorney for the
Southern District of New York
26 Federal Plaza
New York, New York 10278

Daniel G. Nessim
Alexandra Rothman
Kyle A. Wirshba
Assistant United States Attorneys
    *Of Counsel*

**INTRODUCTION**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

The Government's proposed instructions are based principally on jury instructions given in recent securities fraud and obstruction cases, namely *United States v. Bankman-Fried*, 22 Cr. 673 (LAK) (Oct. 3, 2023) (hereinafter "*Bankman-Fried*"); *United States v. Chastain*, 22 Cr. 305 (JMF) (Apr. 25, 2023) (hereinafter "*Chastain*"); *United States v. Castillero*, 23 Cr. 622 (JMF) (Nov. 4, 2025) (hereinafter "*Castillero*"); *United States v. Chow*, 17 Cr. 667 (GHW) (Apr. 10, 2018) (hereinafter "*Chow*"); *United States v. Garelick*, 23 Cr. 307 (LJL) (Apr. 29, 2024) (hereinafter "*Garelick*"); *United States v. Goel*, 22 Cr. 396 (PKC) (June 12, 2023) (hereinafter "*Goel*"); *United States v. Hwang*, 22 Cr. 240 (AKH) (July 9, 2024) (hereinafter "*Hwang*"); *United States v. Javice*, 22 Cr. 240 (AKH) (Mar. 27, 2025) (hereinafter "*Javice*");   *United States v. Larmore*, 24 Cr. 140 (PAE) (Oct. 21, 2024) (hereinafter *Larmore*); *United States v. Milton*, 21 Cr. 478 (ER) (Sept. 12, 2022) (hereinafter "*Milton*"); *United States v. Pinto-Thomaz*, 18 Cr. 579 (JSR) (Apr. 16, 2019) (hereinafter "*Pinto-Thomaz*"); *United States v. Riley*, 13 Cr. 339 (VEC) (Sept. 8, 2014) (hereinafter ("*Riley*"); *United States v. Stewart*, 15 Cr. 287 (JSR) (Sept. 9, 2019) (hereinafter "*Stewart*"); *United States v. Whitman*, 12 Cr. 125 (JSR) (Aug. 17, 2012) (hereinafter "*Whitman*"); and other instructions and authorities cited *infra* as appropriate.

**TABLE OF CONTENTS**

REQUEST NO. 1  General Requests ............................................................................................... 1

REQUEST NO. 2  Summary of the Indictment ............................................................................... 1

REQUEST NO. 3  Structure of Charges – Multiple Counts ............................................................ 2

REQUEST NO. 4  Count One: Securities Fraud – Elements of the Offense .................................... 3

REQUEST NO. 5  Count One: Securities Fraud – First Element ..................................................... 4

REQUEST NO. 6  Count One: Securities Fraud – Second Element ................................................ 10

REQUEST NO. 7  Count One: Securities Fraud – Third Element ................................................... 14

REQUEST NO. 8  Count Two: Wire Fraud – Elements of the Offense .......................................... 16

REQUEST NO. 9  Count Two: Wire Fraud – First Element – Existence of a Scheme or Artifice to Defraud ......................................................................................................................................... 17

REQUEST NO. 10  Count Two: Wire Fraud – Second Element – Participation in the Scheme With Intent ............................................................................................................................................. 22

REQUEST NO. 11  Count Two: Wire Fraud – Third Element – Use of the Wires .......................... 25

REQUEST NO. 12  Count Three: Conspiracy to Commit Securities Fraud and Wire Fraud – Elements of Conspiracy .............................................................................................................................. 27

REQUEST NO. 13  Count Three: Conspiracy – First Element: Existence of the Conspiracy ........... 28

REQUEST NO. 14  Count Three: Conspiracy – Second Element: Membership in the Conspiracy .. 32

REQUEST NO. 15  Count Three: Conspiracy – Third Element: Overt Act ..................................... 37

REQUEST NO. 16  Count Four: False Statements to Auditors ....................................................... 40

REQUEST NO. 17  Count Five: Falsifying Records ....................................................................... 43

REQUEST NO. 18  Aiding and Abetting ...................................................................................... 45

REQUEST NO. 19  Willfully Causing a Crime .............................................................................. 48

REQUEST NO. 20  Presence of Counsel ...................................................................................... 50

REQUEST NO. 21  Venue ........................................................................................................... 51

REQUEST NO. 22  Variance in Dates, Amounts .......................................................................... 53

REQUEST NO. 23  Similar Act Evidence .................................................................................... 54

REQUEST NO. 24  Uncalled Witnesses – Equally Available or Unavailable ................................. 55

REQUEST NO. 25  Preparation of Witnesses ............................................................................... 56

REQUEST NO. 26  Other Individuals Not on Trial ....................................................................... 57

REQUEST NO. 27  Preparation of Witnesses ............................................................................... 58

REQUEST NO. 28  Law Enforcement or Government Witnesses .................................................. 59

REQUEST NO. 29  Non-Prosecution Agreement ................................................................................ 60

REQUEST NO. 30  Expert Testimony ................................................................................................... 61

REQUEST NO. 31  Defendant's Testimony [or Defendant's Right Not to Testify] ........................ 62

REQUEST NO. 32  Particular Investigative Techniques [*If Applicable*] ............................................ 63

REQUEST NO. 33  Use of Evidence Obtained Pursuant to Searches [*If Applicable*] ....................... 64

REQUEST NO. 34  Use of Audio Recordings and Transcripts ............................................................ 65

REQUEST NO. 35  Charts and Summaries: Admitted as Evidence [*If Applicable*] .......................... 66

REQUEST NO. 36  Stipulations  [*If Applicable*] ................................................................................ 67

## **REQUEST NO. 1**
## **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a.    Function of Court and Jury

b.    All Parties as Equals Before the Court

c.    Government Treated Like Any Other Party

d.    Improper Considerations: Race, Religion, National Origin, Gender, Sexual Orientation, or Age

e.    What Is and Is Not Evidence

f.    Rulings on Evidence and Objections

g.    Burden of Proof and Presumption of Innocence

h.    Reasonable Doubt

i.    Direct and Circumstantial Evidence

j.    Inferences

k.    Credibility of Witnesses

l.    Right to See Exhibits and Have Testimony Read During Deliberations

m.    Sympathy:  Oath as Jurors

n.    Punishment Is Not to Be Considered by the Jury

o.    Juror Note Taking

p.    Verdict of Guilt or Innocence Must be Unanimous

q.    Redactions

**<u>REQUEST NO. 2</u>**
**<u>Summary of the Indictment</u>**

The defendant, Bradley Heppner is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is simply a charge or accusation. It is not evidence. The Indictment contains five charges, or counts. Each count accuses the defendant of committing a different crime, and I will discuss each count in turn. You must, as a matter of law, consider each count, and you must return a separate verdict for each count in which the defendant is charged.

Count One alleges that the defendant engaged in a scheme to defraud GWG through misrepresentations and omissions regarding a purported debt of Beneficient's, and the extent to which the defendant would benefit from repayment of the debt, in violation of Section 10(b) of the Securities Exchange Act.

Count Two alleges that the defendant engaged in a scheme to defraud GWG and Beneficient's prospective investors through misrepresentations and omissions regarding the same purported debt of Beneficient's, in violation of Title 18, United States Code, Section 1343.

Count Three alleges that the defendant conspired to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371.

Count Four alleges that the defendant made false statements to Beneficient's auditors, in violation of Section 13(b) of the Securities Exchange Act.

Count Five alleges that the defendant falsified records with the intent to impede, obstruct, or influence an investigation by the Securities and Exchange Commission, in violation of Title 18, United States Code, Section 1519.

1

**REQUEST NO. 3**
**Structure of Charges – Multiple Counts**

In your deliberations and in reaching your verdict, you must consider each count separately,

and you must determine whether the Government has carried its burden of proof with respect to

the defendant.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8
> (2025), and the jury charges of the Honorable Cathy Seibel in *United
> States v. Boria*, 16 Cr. 478 (Oct. 13, 2017), and the Honorable Jesse
> M. Furman in *United States v. Blondet*, 16 Cr. 387 (Mar. 18, 2022).

2

**REQUEST NO. 4**
**Count One: Securities Fraud – Elements of the Offense**

Count One of the Indictment alleges securities fraud in violation of Section 10(b) of the

Securities Exchange Act.

To establish a violation of Section 10(b), the Government must prove each of the following

three elements beyond a reasonable doubt:

*First*, that in connection with the purchase or sale of a security, the defendant did any one

or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact, which

omission made what was said, under the circumstances, misleading, or failed to disclose a material

fact that the defendant knew he had a duty to disclosure,

(3) engaged in an act, practice, or course of business that operated, or would operate, as a

fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with the intent to deceive or

defraud; and

*Third*, that, in furtherance of the fraudulent conduct, the defendant used or caused to be

used, any means or instruments of transportation or communication in interstate commerce, or the

mails, or any facility of any national securities exchange.

I will discuss each element in turn.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-20 (2025), the jury charges in *Javice*, *Larmore*, *Bankman-Fried*, and *Milton*, and the Second Circuit's statement of the elements of securities fraud in *United States v. Gramins*, 939 F.3d 429, 444 (2d Cir. 2019).

**REQUEST NO. 5**
**Count One: Securities Fraud – First Element**

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact, which omission made what was said, under the circumstances, misleading, or failed to disclose a material fact that the defendant knew he had a duty to disclosure, or

(4) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of securities.

It is not necessary for the Government to prove that the scheme involved all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense. You must, however, be unanimous as to which type of unlawful conduct occurred.

A "device, scheme, or artifice to defraud" is merely a plan to accomplish a fraudulent objective. A "scheme to defraud" is a plan, device, or pattern or course of conduct concerning a material matter designed to deceive a person.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intent to deceive.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and from the jury charges in *Castillero*, *Larmore*, *Bankman-Fried*, and *Milton*, from the jury charges of the Honorable Analisa Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024), and the Honorable Denise Cote in *United States v. Perryman*, 23 Cr. 117 (Feb. 20, 2024). *See also United States v. Naftalin*, 441 U.S. 768,

4

773-74 (1978) (any one unlawful act is sufficient to satisfy this element).

A statement may be false or misleading if it directly contradicts what the defendant knew at the time, or created an impression of a state of affairs that differed in a material way from the one that actually existed. A statement may also be false or fraudulent if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said or represented deliberately misleading. This includes statements that may be literally true but that nevertheless create a materially misleading impression.

> Adapted from the jury charge in *Castillero* and of the Honorable Katherine P. Failla in *United States v. Ahuja*, 18 Cr. 328 (July 10, 2019), and the statements of law in *Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, 601 U.S. 257, 258 (2024) ("Half-truths … are representations that state the truth only so far as it goes, while omitting critical qualifying information."), and *United States v. Petrossi*, 786 F. App'x 286, 288-89 (2d Cir. 2019) (rejecting the claim that the defendant was convicted on an invalid half-truth legal theory).

With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made and, in the case of alleged omissions, whether the omissions were misleading.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025).

In addition, officers and directors of a corporation owe an affirmative duty to disclose material information to their company, its board, and its shareholders. The failure to disclose material information may constitute a fraudulent representation if the defendant was under such a legal duty to make a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

> The failure to disclose instruction is adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), *Castillero*, and *Milton*,

5

and the jury charges approves of in *United States v. Moses*, 109 F.4th 107, 114 (2d Cir. 2024) (holding that the "jury instruction was proper" where there is a "duty to disclose … from a fiduciary or similar relationship"). The statement of the law regarding officers' and directors' duty is adapted from *Dirks v. S.E.C.*, 463 U.S. 646, 653-54 (1983) (noting that officers and directors have an "affirmative duty of disclosure … when dealing in securities" and a duty "to the corporation itself not to mismanage corporate assets"); *Chiarella v. United States,* 445 U.S. 222, 227 (1980) (duty to disclose arises from a relationship of trust and confidence that officers and directors have with their corporation); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 158-59 (3d Cir. 2010) ("Under Delaware law, a director's fiduciary duty of loyalty includes a duty to disclose" and "the intentional failure or refusal of a director to disclose to the board a defalcation or scheme to defraud the corporation … itself constitutes a wrong.").

If you find that there was a false or misleading statement or omission, you must next determine whether the false or misleading statement or omission was material under the circumstances. A material fact is one that a reasonable person would have considered important in making an investment decision in light of the total mix of information publicly available. Materiality of the information is judged as of the time the information was disclosed or omitted.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), *Hwang*, *Bankman-Fried*, and the Supreme Court's statement of the materiality standard in *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988).

The Government does not need to establish that anyone actually relied on the alleged misrepresentation.

> Adapted from the jury charges of the Honorable Analisa Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024) and the Honorable Denise Cote in *United States v. Perryman*, 23 Cr. 117 (Feb. 20, 2024), as well as the Supreme Court's statement of the law in *Neder v. United States*, 527 U.S. 1, 24-25 (1999) (the "common -law requirements of 'justifiable reliance' and 'damages' … plainly have no place in the federal fraud statutes").

6

In considering whether a statement or omission was material, let me also caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether any of the victims involved were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the experienced investor.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges of *Larmore*, *Hwang*, the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Nov. 2, 2022), and the Honorable Paul G. Gardephe in *United States v. Amanat*, 15 Cr. 536 (Oct. 22, 2018).

You must also find that the defendant participated in fraudulent conduct that was "in connection with" a purchase or sale of securities.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied as long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction, such as the purchase or sale of interests in shares of a company.

> The instructions on the definition of a "security" and the "in connection with" requirement are adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), *Castillero*, *Javice*, *Bankman-Fried*, and the Supreme Court's decision in *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946). The instruction regarding limited partner interests is adapted from the Second Circuit's statement of law in *Mayer v. Oil Field Sys. Corp.*, 721 F.2d 59, 65 (2d Cir. 1983); *see also SEC v. Arcturus Corp.*, 928 F.3d 400, 410 (5th Cir. 2019) ("Without any significant powers, a limited partner is like a 'stockholder in a corporation.' As a result, 'limited partnership interests may be considered a security."); *Goodman v. Epstein*, 582 F.2d 388, 408 (7th Cir. 1978) ("In light of the weighty authority for

7

considering a limited partnership interest to be a 'security' within the protective scope of the federal securities laws, the trial judge should have given plaintiffs' requested instruction that plaintiffs' interests were securities.").

The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21
> (2025), and the jury charge in *Hwang*.

As relevant here, the term "security" or "securities" includes any stock or shares of a company, whether or not the company is publicly traded, or an investment contract, that is, an agreement to invest in a common enterprise where the profits are to come from the efforts of others. A limited partnership interest is generally a "security" because such an interest involves investment in a common enterprise with profits to come from the efforts of others. Thus, if you find that the defendant participated in a fraud that "touched upon" the purchase or sale of stock or of an investment contract, you may conclude that the fraudulent conduct was "in connection with" the purchase and sale of a security.

To be clear, however, you need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in the fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21
> (2025), and the jury charges in *Hwang*, and of the Honorable Analisa
> Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024), the
> Honorable Denise Cote in *United States v. Perryman*, 23 Cr. 117
> (Feb. 20, 2024), and the Honorable Edgardo Ramos in *United States
> v. Cole*, 19 Cr. 869 (Nov. 2, 2022).

8

Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of securities.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges of the Honorable Analisa Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024), the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Nov. 2, 2022), and the Honorable Katherine P. Failla in *United States v. Ahuja*, 18 Cr. 328 (July 10, 2019).

By the same token, the Government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes that the defendant caused the statement to be made or the fact to be omitted.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges of the Honorable Analisa Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024), the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Nov. 2, 2022), the Honorable Katherine P. Failla in *United States v. Ahuja*, 18 Cr. 328 (July 10, 2019), and the Honorable Paul G. Gardephe in *United States v. Amanat*, 15 Cr. 536 (Oct. 22, 2018).

It does not matter whether the alleged scheme or unlawful conduct was successful or not, or that the defendant profited or received any benefit as a result of the scheme. If, however, you find that the defendant expected to or did profit from the scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges in *Castillero*, *Hwang*, and of the Honorable Analisa Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024).

9

**REQUEST NO. 6**
**Count One: Securities Fraud – Second Element**

The second element the Government must prove beyond a reasonable doubt as to Count One is that the defendant devised or participated in the fraudulent scheme or conduct knowingly, willfully, and with intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it, with the intent to make it succeed.

 "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act voluntarily and with a wrongful purpose. Though the Government must prove that the defendant had an awareness of the general wrongfulness of his conduct, it is not required to prove that the defendant knew that his actions were illegal.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the specific intent to deceive. It does not require a showing that the defendant acted with an intent to cause harm.

The question of whether a person acted knowingly, willfully, and with intent to defraud or deceive is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. Science has not yet devised a manner of looking into a person's mind and knowing what the person was thinking. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and

10

the rational or logical inferences that may be drawn therefrom. Such circumstantial evidence of

the defendant's intent includes that the defendant made misrepresentations to investors with

knowledge that the statements were false.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-24 (2025), the jury charges of *Castillero*, *Larmore*, *Hwang*, the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Nov. 2, 2022), the Honorable Katherine P. Failla in *United States v. Ahuja*, 18 Cr. 328 (July 10, 2019), and the Second Circuit's statement of the law in *United States v. Landesman*, 17 F.4th 298, 321 (2d Cir. 2021) ("To establish intent for purposes of the substantive securities fraud charge, the government was required to prove that [the defendant] acted willfully and knowingly and with the intent to defraud.").

> The willfulness requirement for securities fraud "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct." *United States v. Kaiser*, 609 F.3d 556, 569 (2d Cir. 2010); *see also United States v. Petrossi*, 786 F. App'x 286, 289 (2d Cir. 2019) (same).

> The intent to defraud requirement for securities fraud does not include "intent to harm" as a component. *See United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015); *United States v. Pierre*, 22-1274, 2024 WL 676373, at *2 (2d Cir. Feb. 20, 2024).

A defendant may have the requisite intent to defraud even if the defendant was motivated

by other lawful, proper, or neutral purposes or reasons for his actions.

> Adapted from the jury charge in *Bankman-Fried*, the jury charge of the Honorable Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (Mar. 4, 2024), and the Second Circuit's statement of the law in *United States v. Phillips*, 24-1908, 2025 WL 2528201, at *15 (2d Cir. Sept. 3, 2025) ("The intent element for specific intent crimes … can usually be satisfied even if the defendant has multiple reasons for taking an action, so long as one reason is the intent to deceive."), and *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

Because an essential element of the crime charged in Count One is intent to deceive or defraud, good faith on the part of the defendant is a complete defense.  An honest belief in the truth of the representations made by the defendant is a complete defense, however inaccurate the statements may turn out to be. The defendant has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

In considering whether or not the defendant acted in good faith, however, you are instructed that a belief by the defendant (if such belief existed) that ultimately everything would work out so that no investors would lose any money does not mean the defendant acted in good faith. No amount of honest belief on the part of the defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, the Government must establish beyond a reasonable doubt that the defendant knew that his statements or conduct were false, fraudulent, or calculated to deceive, and that he nevertheless carried out the alleged fraudulent scheme.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-24 (2025), *Larmore*, *Hwang*, the Honorable Analisa Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024), the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Nov. 2, 2022), the Honorable Katherine P. Failla in *United States v. Ahuja*, 18 Cr. 328 (July 10, 2019), and the Second Circuit's approval of the good faith instruction in *United States v. Leonard*, 529 F.3d 83, 91-92 (2d Cir. 2008).
>
> The "no ultimate harm" instruction is appropriate where there is a factual predicate, such as an argument or evidence offered by the defendant that he believed in the long term everything would work out. *United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016). The language of the instruction has been upheld in *Lange*, *Leonard*, and *United States v. Shkreli*, 779 F. App'x 38, 40 (2d Cir. 2019).

12

The defense of good faith is not, however, available to the defendant if he deliberately made a representation that he knew to be false, even if he reasonably believed that he was legally entitled to the money or property he received.

> Adapted from jury charge of the Honorable Valerie E. Caproni in *United States v. Reese*, 24 Cr. 402 (Mar. 19, 2025), and the Second Circuit's statement of the law in *United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998) ("courts have uniformly held that a claim-of-right is not a defense to mail fraud"); *United States v. Guldi*, 141 F.4th 435, 449 (2d Cir. 2025) ("the fraud statutes prohibit schemes to obtain money or property of another through lies, even if the defendant believes the victim owes him money").

A venture commenced in good faith may become fraudulent if it is continued after intent to defraud has been formed. As a result, good faith is no defense when the defendant first made representations in good faith but later, after realizing the representations were false, nevertheless deliberately continued to make them.

> Adapted from jury charges of the Honorable Vernon S. Broderick in *United States v. Darden*, 23 Cr. 134 (Oct. 3, 2024), the Honorable Katherine P. Failla in *United States v. Wade*, 21 Cr. 472 (Dec. 5, 2023), and the Honorable Paul A. Engelmayer in *United States v. Gillier*, 11 Cr. 409 (Sept. 13, 2022), and the Second Circuit's statement of the law in *United States v. Lamont*, 565 F.2d 212, 227 (2d Cir. 1977) ("Nor is it a defense that if the defendant first made a representation in good faith, if later at any time charged within the period covered by the indictment she realized the representations were false and yet deliberately continued to make them."), and the notes to Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025).

13

**REQUEST NO. 7**
**Count One: Securities Fraud – Third Element**

The third and final element that the Government must establish beyond a reasonable doubt as to Count One is that the defendant knowingly used or caused to be used an instrumentality of interstate commerce or the mails or the facilities of a national security exchange in furtherance of the scheme to defraud or the fraudulent conduct.

The term "mails" includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, or text messages, the wire transfer of money, or use of a facility of a national securities exchange, such as a stock trade made on the Nasdaq or New York Stock Exchange.

It is not necessary for the Government to prove the mails, an instrumentality of interstate commerce, or a national securities exchange were used in furtherance of the fraudulent scheme. Any one—either the mails *or* an instrumentality of interstate commerce *or* the facilities of a national securities exchange—is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce or of a national securities exchange. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce or of a national securities exchange, this element would be satisfied. When one does an act with the knowledge that use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce or a national securities exchange did or would contain the

14

fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce or national securities exchange bear some relation to the object of the scheme or fraudulent conduct. In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce or national securities exchange are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-25 (2025), the jury charges of *Larmore*, *Hwang*, the Honorable Analisa Torres in *United States v. Guo*, 23 Cr. 118 (May 24, 2024), *Bankman-Fried*, the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Nov. 2, 2022), the Honorable Katherine P. Failla in *United States v. Ahuja*, 18 Cr. 328 (July 10, 2019), the Honorable Paul G. Gardephe in *United States v. Amanat*, 15 Cr. 536 (Oct. 22, 2018), the Honorable Leonard B. Sand in *United States v. Pignatiello*, 96 Cr. 1032 (July 14, 1999).

**REQUEST NO. 8**
**Count Two: Wire Fraud – Elements of the Offense**

Count Two alleges wire fraud, in violation of Title 18, United States Code, Section 1343.

To establish a violation of Section 1343, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises.

*Second*, that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that in execution of that scheme, the defendant used or caused the use of an interstate or international wire.

I will now discuss each of these elements in greater detail.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (2025), the jury charges of the Honorable Valerie E. Caproni in *United States v. Bynum*, 21 Cr. 603 (Nov. 1, 2023), and *United States v. Reese*, 24 Cr. 402 (Mar. 19, 2025), the jury charge of the Honorable Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (Mar. 4, 2024), the jury charge of the Honorable J. Paul Oetken in *United States v. Pukke*, 23 Cr. 168 (July 9, 2024), and the Second Circuit's statement of law in *United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016), and *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004).

**REQUEST NO. 9**
**Count Two: Wire Fraud – First Element – Existence of a Scheme or Artifice to Defraud**

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme" or "artifice" is merely a plan to accomplish an object or objective. "Fraud" is a general term that refers to depriving another of money or property by dishonest means, methods, or schemes. Thus, a "scheme to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. A statement, representation, claim, or document is "false" if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A pretense, representation, or statement is "fraudulent" if it was falsely made or done with the intention to deceive.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), the jury charges in *Castillero* and *Bankman-Fried*, and the jury charge by the Honorable Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (Mar. 10, 2017). The definition of "fraud" is from the Supreme Court's definition in *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924), and the Second Circuit's statement of law in *United States v. Coplan*, 703 F.3d 46, 59-60 (2d Cir. 2012).

A statement may also be false or fraudulent if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), *Castillero*, the jury charge of the Honorable Richard J. Sullivan in *United States v. Pan*, 12 Cr. 153 (May 1, 2013), *Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, 601 U.S. 257, 258 (2024) ("Half-truths … are representations that state the truth only so far as it goes, while omitting critical qualifying information."), and *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ("[I]t is just as unlawful to speak 'half truths' or to omit

17

to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.").

This proposed instruction has also been proposed as part of the Government's securities fraud instruction.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and the jury charge of the Honorable Jesse M. Furman in *United States v. Avenatti*, 19 Cr. 374 (Jan. 24, 2022).

As I instructed you with respect to Count One, the failure to disclose material information may also constitute a fraudulent representation if the defendant was under a legal duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud. You should follow my instructions with respect to that subject here when considering whether the defendant committed fraud by failing to disclose information.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), *Castillero*, and *Milton*.

This proposed instruction has also been proposed as part of the Government's securities fraud instruction.

It is not required that the scheme to defraud involve deception of the same person or entity whose money or property is obtained. The deception may target one person or entity in order to obtain the money or property of another.

Adapted from the jury charge of the Honorable Jessica G.L. Clarke in *United States v. Peraire-Bueno*, 24 Cr. 293 (Nov. 3, 2025) and the Second Circuit's statement of law in *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016) ("wire fraud does not require convergence between the parties intended to be deceived and those whose property is sought in a fraudulent scheme").

18

The false or fraudulent pretense, statement, representation, claim, promise, document, or conduct must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and from *Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed."), and  *United States v. Denkberg*, 139 F.4th 147, 159 (2d Cir. 2025) (same); *United States v. Frenkel*, 682 F. App'x 20, 23 (2d Cir. 2017) (instruction "using *Neder*'s formulation of materiality" is proper).

In addition to proving that a statement or conduct was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated obtaining a victim's money or property. Obtaining money or property means gaining or attaining possession or use of it, whether permanently or temporarily. Money or property may be obtained even when something else is simultaneously given in return.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), *Kousisis v. United States*, 145 S. Ct. 1382, 605 U.S. --- (2025) (defining "obtain" as "to gain or attain possession" and explaining that "money or property is no less 'obtained' simply because something else is given in return"), *United States v. Gatto*, 986 F.3d 104, 113 (2d Cir. 2021) ("a defendant need not literally obtain money or property – in the sense of putting money in his own pocket"), and *United States v. Males*, 459 F.3d 154, 158-59 (2d Cir. 2006) (the requirement that the defendant devise a scheme to obtain money or property is "satisfied where a defendant fraudulently obtains the use of another person's money or property for a period of time," whether "temporarily … or permanently"). The third sentence, regarding obtaining something in return, is from the jury charge in *Castillero* and from the Supreme Court's statement of law in *Kousisis*.

It is not necessary for the government to prove that the scheme to defraud actually succeeded, that any particular person actually relied on a statement or representation, that a victim was actually defrauded, or that any victim suffered a financial loss, damages, injury, or was

19

economically worse off. The Government need not prove that a victim actually was deprived of money or property, only that the defendant contemplated that a victim would be deprived of money or property as a result of the scheme. Although it is not necessary that the scheme actually succeeded, you may consider whether it succeeded in determining whether the scheme existed.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), the jury charge of the Honorable John G. Koeltl in *United States v. Albin*, 23 Cr. 664 (June 23, 2025), the Supreme Court's statement of the law in *Kousisis v. United States*, 145 S.Ct. 1382, 605 U.S. --- (2025) (wire fraud does not require "a showing of ultimate financial loss" or that the victim was "economically worse off"), and *Neder v. United States*, 527 U.S. 1, 24-25 (1999) (the "common -law requirements of 'justifiable reliance' and 'damages' … plainly have no place in the federal fraud statutes"), and the Second Circuit's statement of the law in *United States v. Zagari*, 111 F.3d 307, 327 (2d Cir. 1997) ("the government is not required to show that the intended victim was actually defrauded"), and *United States v. Trapilo,* 130 F.3d 547, 552 (2d Cir. 1997) (calling the success of scheme "irrelevant" to wire fraud offense).

In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if the victim had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to fraud.

> Adapted from the jury charge of the Honorable Richard J. Sullivan in *United States v. Pan*, 12 Cr. 153 (May 1, 2013), and the jury charge of the Honorable Vernon S. Broderick in *United States v. Darden*, 23 Cr. 134 (Oct. 3, 2024), the Supreme Court's statement of the law in *Neder v. United States*, 527 U.S. 1, 24-25 (1999) (the "common -law requirements of 'justifiable reliance' and 'damages' … plainly have no place in the federal fraud statutes"), and the Second Circuit's statement of the law in *United States v. Isola*, 548 F. App'x 723, 724-25 (2d Cir. 2013) ("any evidence that [victims] … were unreasonable … is not relevant to how a reasonable [victim] would have viewed defendant's misrepresentations"), and *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) ("a victim's lack of sophistication" or "the 'reasonable victim' defense does not apply to allegations of mail fraud").

20

A scheme to defraud need not be shown by direct evidence but may be established by all of the circumstances and facts in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and the jury charge of the Honorable Jesse M. Furman in *United States v. Avenatti*, 19 Cr. 374 (Jan. 24, 2022).

**REQUEST NO. 10**
**Count Two: Wire Fraud – Second Element – Participation in the Scheme With Intent**

The second element that the Government must prove beyond a reasonable doubt is that the defendant devised or participated in the scheme to defraud knowingly and with the specific intent to defraud.

As I have already explained, to "devise" a scheme to defraud means to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with an intent to help it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

Adapted from the jury charges in *Bankman-Fried* and *Milton*.

The defendant must have acted knowingly and with an intent to defraud. I have previously instructed you on the term "knowingly," and you should apply that same definition here. The term "intent to defraud" in the context of wire fraud means to act knowingly and with the specific intent to deceive, for the purpose of obtaining money or property.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), the jury charges of the Honorable Valerie E. Caproni in *United States v. Bynum*, 21 Cr. 603 (Nov. 1, 2023), and *United States v. Reese*, 24 Cr. 402 (Mar. 19, 2025), the jury charge of the Honorable Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (Mar. 4, 2024), and the jury charge of the Honorable J. Paul Oetken in *United States v. Pukke*, 23 Cr. 168 (July 9, 2024).

> The instruction on this element does not include the word "willfully," which "has no textual basis in the wire fraud statute." *United States v. Bynum*, 21 Cr. 603 (VEC), Dkt. 1149 at 1-2 (Nov. 10, 2023). The applicable *mens rea* for wire fraud is specific intent to defraud. *United States v. Rybicki*, 354 F.3d 124, 150 (2d Cir. 2003); *see also United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) (the "specific intent required under the mail fraud statute is the intent to defraud … and not the intent to violate a statute."). There is no requirement that the court instruct the jury that the defendant's participation in the scheme to defraud must be willful. *See United States v. Middendorf*, 18 Cr. 36 (JPO), 2019 WL

22

4254025, at \*7 (S.D.N.Y. Sept. 9, 2019) (willfulness not required); *United States v. Novis*, 20-CR-335 (JMA), 2023 WL 4746541, at \*22 (E.D.N.Y. July 24, 2023) (collecting cases); *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017); *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015); *United States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997), *aff'd*, 158 F.3d 166 (2d Cir. 1998).

The defendant may have the requisite intent to defraud even if the defendant was motivated by other lawful, proper, or neutral purposes or reasons for his or her actions.

> Adapted from the jury charge in *Bankman-Fried*, the jury charge of the Honorable Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (Mar. 4, 2024), and the Second Circuit's statement of the law in *United States v. Phillips*, No. 24-1908, 2025 WL 2528201, at \*15 (2d Cir. Sept. 3, 2025) ("The intent element for specific intent crimes … can usually be satisfied even if the defendant has multiple reasons for taking an action, so long as one reason is the intent to deceive."), and *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

I have previously instructed you that good faith on the part of the defendant is a complete defense. You should apply my previous instructions on good faith here as well.

The defense of good faith is also not available to the defendant if he deliberately made a representation that he knew to be false, even if he reasonably believed that he was legally entitled to the money or property he or she sought or received.

> Adapted from jury charge of the Honorable Valerie E. Caproni in *United States v. Reese*, 24 Cr. 402 (Mar. 19, 2025), and the Second Circuit's statement of the law in *United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998) ("courts have uniformly held that a claim-of-right is not a defense to mail fraud"); *United States v. Guldi*, 141 F.4th 435, 449 (2d Cir. 2025) ("the fraud statutes prohibit schemes to obtain money or property of another through lies, even if the defendant believes the victim owes him money").

Direct proof of knowledge and fraudulent intent is almost never available, nor is it required. It would be a rare case where it could be shown that a person wrote or stated that as of a given

23

time in the past he committed an act with fraudulent intent. Such direct proof is not required. The

ultimate facts of knowledge and criminal intent, though subjective, may be established by

circumstantial evidence, based upon a person's outward manifestations, his words, his conduct,

his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical

inferences that may be drawn from them. Such circumstantial evidence of the defendant's intent

includes that the defendant made misrepresentations to the victim(s) with knowledge that the

statements were false. Circumstantial evidence, if believed, is of no less value than direct evidence.

In either case, the essential elements of the crime must be established beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), and the jury charge in *Bankman-Fried*. While the third to last sentence in the proposed instruction relating to circumstantial evidence of the defendant's intent does not appear in the model instruction, it accurately captures the law of the Second Circuit. *See United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) ("Intent may be proven through circumstantial evidence, including by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false."); *United States v. Saint Clair*, 22-2100, 2024 WL 413422, at *4 (2d Cir. Feb. 5, 2024) (same); *United States v. Hild*, 23-6136, 2025 WL 2153125, at *6 (2d Cir. July 30, 2025) ("fraudulent intent may be proven by showing that the defendant made misrepresentations to the victim(s) with knowledge that the statements were false").

24

**REQUEST NO. 11**
**Count Two: Wire Fraud – Third Element – Use of the Wires**

The third and final element that the Government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. An interstate wire means a wire that passes between two or more states. A foreign wire means a wire that travels between the United States and another country. Examples of wires include telephone calls, text messages, communications over the Internet, commercials on television, and financial wires between bank accounts, among other things.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charge in *Bankman-Fried*.

The use of the wires need not itself be fraudulent. It must, however, further or assist in the carrying out of the scheme to defraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charge in *Bankman-Fried*. *See also Schmuck v. United States*, 489 U.S. 705, 710 (1989) (explaining that "'innocent' mailings—ones that contain no false information—may supply the mailing element"); *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013) (instruction that "the mailed letter need not itself be fraudulent; for example, the mailed matter need not contain any fraudulent representations, and indeed may be completely innocent" was "correct as to the law").

Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

> Adapted from the jury charge by the Honorable Sidney H. Stein in *United States v. Constantinescu*, 19 Cr. 651 (June 27, 2022).

It is not necessary for the defendant to be directly or personally involved in the wire communication, if the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient

25

to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or transfer the funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), the jury charge in *Bankman-Fried*, and the instruction approved of by the Second Circuit in *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003) (approving of the instruction "It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York.")

Only the wire communication must be reasonably foreseeable, not its interstate component. Thus, if the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element would be satisfied, even if it was not foreseeable that the wire communication would cross state lines.

> Adapted from the jury charge by the Honorable Sidney H. Stein in *United States v. Constantinescu*, 19 Cr. 651 (June 27, 2022).

26

**REQUEST NO. 12**
**Count Three: Conspiracy to Commit Securities Fraud and Wire Fraud – Elements of**
**Conspiracy**

Count Three alleges conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371.

To establish a violation of Section 371, the Government must prove beyond a reasonable doubt each of the following three elements:

*First*, the existence of the conspiracy to commit one or more of the objectives of conspiracy;

*Second*, that the defendant knowingly and intentionally became a member of the conspiracy, with intent to commit at least one of the goals or objects of the conspiracy; and

*Third*, that any one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-3 (2025), the jury charges in *Garelick, Bankman-Fried*, *Milton*, and *Goel*.

27

**REQUEST NO. 13**
**Count Three: Conspiracy – First Element: Existence of the Conspiracy**

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy. A conspiracy is an agreement or understanding between two or more persons to accomplish by joint action a criminal or unlawful purpose. A conspiracy to violate a federal law is a separate and distinct offense from the actual violation of a specific federal law, such as those charged in Counts One, Two, Four, and Five, which are the so-called "substantive crimes."

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), the jury charge in *Raji*, and the Second Circuit's statement of law in *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997) ("In order to prove a conspiracy, the government *must show* that two or more persons agreed to participate in a joint venture intended to commit an unlawful act.").

To establish the existence of a conspiracy, the Government is not required to show that the agreement was explicit, express, or formal, or that that two or more people sat around a table and entered into a formal contract or solemn pact to form a conspiracy. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, the roles that everyone would play, every precise detail of the scheme, or the means by which its object or purpose was to be accomplished. There need not be any written statement or even a speaking of words that expressly communicates agreement. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. If you find beyond a reasonable doubt that two or more persons came to a mutual understanding, either spoken or unspoken, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), the jury charge in *Raji*, and the Second Circuit's statement

28

of law in *United States v. Amiel*, 95 F.3d 135, 144 (2d Cir. 1996) ("The agreement need not be shown to have been explicit. It can instead be inferred from the facts and circumstances of the case. A tacit understanding will suffice to show agreement for purposes of a conspiracy conviction. There need not be any written statement or even a speaking of words which expressly communicates agreement."), *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("the coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes"), *United States v. Rubin*, 844 F.2d 979, 984 (2d Cir. 1988) ("The government's proof of an agreement does not require evidence of a formal or express agreement; it is enough that the parties have a tacit understanding to carry out the prohibited conduct."), and *United States v. Cassino*, 467 F.2d 610, 618 (2d Cir. 1972) (approving of instructions that "the government is not required to show that two or more persons sat around a table and then entered into a solemn pact orally or in writing stating that they have formed a conspiracy" and "Your common sense will tell you that when men in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding.").

It is not necessary that the agreement or understanding existed from the inception of the scheme. If there is such an agreement or understanding at any time, it is sufficient.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), and *Pereira v. United States*, 347 U.S. 1, 12 (1954) ("It is not necessary that an agreement to use the mails or transport stolen property exist from the inception of the scheme to defraud.").

You may, of course, find that the existence of a conspiracy has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. You may consider acts and conduct of the alleged co-conspirators that were done to carry out an apparent criminal purpose. In the context of conspiracy cases, actions often speak louder than words. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the individual conspirators, but when taken

29

together and considered as a whole, these acts or conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), the jury charge in *Raji*, and the Second Circuit's statement of law in *United States v. Sanzo*, 673 F.2d 64, 69 (2d Cir. 1982) (conspiracy may be "established … through circumstantial evidence"), and *United States v. Hild*, 23-6136, 2025 WL 2153125, at *4 (2d Cir. July 30, 2025) ("because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel"), *United States v. Rutigliano*, 790 F.3d 389, 402 (2d Cir. 2015) (affirming the use of the instruction that "sometimes, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual conspirators"), and *United States v. Cassino*, 467 F.2d 610, 619 (2d Cir. 1972) (district court's charge that "actions often speak louder than words" was appropriate in explaining the concept of conspiracy).

The objects—or objectives—of a conspiracy are the illegal goals the co-conspirators agree upon or hope to achieve. As I have mentioned, there are two objects of the conspiracy charged in Count Three of the Indictment—first, securities fraud; and, second, wire fraud. In order to prove that the defendant is guilty of the conspiracy offense charged in Count Three, the Government must establish beyond a reasonable doubt that the defendant agreed with others to commit either the offense of securities fraud or the offense of wire fraud. The Government does not need to prove that the conspirators agreed to both objects of the conspiracy. To convict, however, you must be unanimous as to at least one type of unlawful conduct that was the object of the conspiracy joined by the defendant.

As I have already told you, wholly apart from their inclusion as part of the conspiracy charged in Count Three, the objectives of securities fraud and wire fraud are charged as separate substantive offenses in Counts One and Two of the Indictment. I instruct you that this is permissible. As I mentioned, a crime may be punished for its own sake, and it may also be an

object of a conspiracy. I have already instructed you on the elements of securities fraud and wire fraud, and you should apply my instructions here.

You may find the defendant guilty of the crime of conspiracy – in other words, agreeing to commit securities fraud or agreeing to commit wire fraud – even if you find that the substantive crime which was the object of the conspiracy was never actually committed, was unattainable from the very beginning, or was impossible to carry out successfully. A defendant's guilt does not depend on the ultimate success of the conspiracy. The conspiracy itself is a separate crime, even if the conspiracy to commit the underlying substantive crime was not successful.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-10 (2025), the jury charge in *Raji*, the Supreme Court's statement of the law in *United States v. Jimenez Recio*, 537 U.S. 270, 275 (2003) ("impossibility does not terminate conspiracy"), and the Second Circuit's statement of the law in *United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."), and *United States v. Wallace*, 85 F.3d 1063, 1068 (2d Cir. 1996) ("That the conspiracy cannot actually be realized because of facts unknown to the conspirators is irrelevant.").

**REQUEST NO. 14**
**Count Three: Conspiracy – Second Element: Membership in the Conspiracy**

The second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally became a member of the conspiracy. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. In other words, the government must prove that the defendant knew of the conspiracy and that, with such knowledge, he voluntarily participated in it.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charge of the Honorable Valerie E. Caproni in *United States v. Washington*, 21 Cr. 603 (June 28, 2024), the jury charge of the Honorable Denise L. Cote in *United States v. Perryman*, 23 Cr. 117 (Feb. 20, 2024), and the jury charges of the Honorable Richard J. Sullivan in *United States v. Brennerman*, 17 Cr. 337 (Dec. 6, 2017).

Now obviously science has not yet devised a manner of looking into a person's mind and knowing what the person was thinking. To make that determination, you may look to the evidence of certain acts that are alleged to have taken place by or with the defendant or in his presence. You may consider circumstantial evidence based on the defendant's outward manifestation, his words, his conduct, his acts, and all of the surrounding circumstances of which you have heard evidence, and the rational and logical inferences that may be drawn therefrom.

> Adapted from the jury charge in *Bankman-Fried*, and the Second Circuit's statement of the law in *United States v. Stewart*, 485 F.3d 666, 671 (2d Cir. 2007) ("Both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." (collecting cases)).

You may also consider the acts and statements made by any member of the conspiracy, during the course of and in furtherance of the conspiracy, in determining whether the defendant knowingly and intentionally entered into the conspiracy.

32

Adapted from the jury charges approved of in *United States v. Lanese*, 890 F.2d 1284, 1290 (2d Cir. 1989) ("It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them."), and *United States v. Stephenson*, 53 F.3d 836, 847 (7th Cir. 1995) (instruction "informing the jury that it may consider, not only the statements of co-conspirators, but also their acts" as "circumstantial evidence to deduce what Defendants' actions were" was "an accurate statement of the law").

It had been standard practice in this District to give a charge, similar to that found in Judge Sand's treatise as Instruction 19-9, which invites the jury to consider whether declarations were in furtherance of the conspiracy. The Second Circuit has expressly disapproved such a charge, and the Government respectfully requests that the Court decline to give such a charge. *See United States v. Mastropieri*, 685 F.2d 776, 789–90 (2d Cir. 1982) ("We therefore expect that trial judges in this circuit not only will shoulder the responsibility of making the determination of admissibility … but will hereafter refrain from giving the jury a 'second bite'."); *see id.* at 790 n.13 (noting that leading treatises suggest that "no instruction needs or ought to be given to jury with respect to its use of conspirator's statements").

To become a member of the conspiracy, the defendant need not have been fully informed as to its scope and all of its details nor have known the identities and activities of each and every other participant in the conspiracy.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charges of the Honorable Richard J. Sullivan in *United States v. Brennerman*, 17 Cr. 337 (Dec. 6, 2017), the jury charge in *Bankman-Fried*, and from the Second Circuit's statement of the law in *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008) ("The government need not show that the defendant knew all of the details of the conspiracy, so long as he knew its general nature and extent."), *United States v. Sureff*, 15 F.3d 225, 230 (2d Cir. 1994) ("A single conspiracy may encompass members who neither know one another's identities, nor specifically know of one another's involvement." (citations omitted)), and *United States v. Wiley*, 846 F.2d 150, 153-54 (2d Cir. 1988) ("The government does not have to prove that the accused knew every objective of the

33

conspiracy, every detail of the scheme's operation, or the identity of every coconspirator.").

The defendant need not have joined the conspiracy at the outset. He may have joined at any time, and if he joined, he will still be held responsible for the acts done after joining. Once a person is found to be a member of a conspiracy, he is presumed to continue as a member of the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the defendant withdrew and disassociated himself from the conspiracy.

> Adapted from the jury charges of the Honorable Richard J. Sullivan in *United States v. Brennerman*, 17 Cr. 337 (Dec. 6, 2017), the jury charge in *Bankman-Fried*, and the Second Circuit's statement of the law in *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.").

The extent of the defendant's participation has no bearing on the issue of defendant's guilt. Each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charge by the Honorable Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (Mar. 10, 2017), the jury charges of the Honorable Richard J. Sullivan in *United States v. Brennerman*, 17 Cr. 337 (Dec. 6, 2017), and from the Second Circuit's statement of the law in *United States v. Guldi*, 141 F.4th 435, 447 (2d Cir. 2025) (affirming an instruction that a "conspirator's liability is not measured by the extent or duration of his or her participation or whether he or she joined at the outset or some later time."), and *United States v. Tramunti*, 513 F.2d 1087, 1111 (2d Cir. 1975) ("We have said numerous times that a single act may be sufficient for an inference of involvement in a criminal enterprise of substantial scope at least if the act is of a nature justifying an inference of knowledge of the broader conspiracy.").

34

It is not necessary that the defendant receive any monetary benefit from his participation in the conspiracy or had a financial stake in the outcome, so long as he in fact joined the conspiracy. However, if you find that the defendant had such a financial interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charges of the Honorable Richard J. Sullivan in *United States v. Brennerman*, 17 Cr. 337 (Dec. 6, 2017), the jury charge in *Bankman-Fried*, and from the jury instruction approved of in *United States v. Torres*, 901 F.2d 205, 244 (2d Cir. 1990) ("I instruct you that it is not necessary that a defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome as long as he in fact participated in it in the way I have just explained."), and *United States v. Garcia*, 509 F. App'x 40, 42 (2d Cir. 2013) (same).

Keep in mind, however, that the defendant's mere presence at the scene of the alleged crime, or mere association with one or more members of the conspiracy does not, by itself, make him a member of the conspiracy. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. That said, the defendant's presence or association is a factor that you may consider among others to determine whether a defendant was a member of the conspiracy. The defendant's presence may establish his membership in a conspiracy, if all of the circumstances considered together show that his presence was meant to advance the goals of that conspiracy. He must not only have been present, but he must have known about the conspiracy and he must have intended by his presence to participate in the conspiracy or to help it succeed. In other words, presence itself may demonstrate membership in a conspiracy only if that presence is a functional part of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), and from the jury instruction approved of in *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993) (concluding that the district

35

court "quite properly instructed the jury that presence under circumstances that advance the purpose of the conspiracy would be sufficient to support a finding of guilt").

Moreover, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), and from the Second Circuit's statement of the law in *United States v. Svoboda*, 347 F.3d 471 (2d Cir. 2003), which explains that "trial judges routinely charge" the jury with the above instruction "to ensure that jurors do not mistakenly conflate the knowledge and intent aspects of the *mens rea* necessary to prove a defendant's joinder in a conspiracy." *Id.* at 479 n.8.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the criminal purpose of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement; that is to say, a conspirator.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025).

36

**REQUEST NO. 15**
**Count Three: Conspiracy – Third Element: Overt Act**

The third element the Government must prove beyond a reasonable doubt is that at least one of the co-conspirators—not necessarily the defendant—knowingly committed at least one overt act in furtherance of that conspiracy. In other words, there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy. To put it another way, the agreement must have gone beyond merely talking.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025) and the jury charge in *Bankman-Fried*.

The Indictment sets forth several overt acts, which I will now read to you. *[The Court is respectfully requested to read the overt acts for Count Three.]* The Government may satisfy the overt act element by proving one or more of the overt acts that are listed in the Indictment. However, it is not required or necessary for the Government to prove any particular overt act listed in the Indictment. It is enough if the Government proves at least one overt act was committed in furtherance of the conspiracy regardless of whether it is alleged in the Indictment or not.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025) and the jury charge in *Bankman-Fried*, and the Second Circuit's statement of law in *United States v. Salmonese*, 352 F.3d 608, 619 (2d Cir. 2003) ("the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment"), and *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011) ("the government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant").

Similarly, you need not find that the defendant committed the overt act. It is sufficient for the Government to show that one of the alleged conspirators knowingly committed an overt act in

furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all the members of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025), the jury charge in *Bankman-Fried*, and the Second Circuit's statement of law in *United States v. Tzolov*, 642 F.3d 314, 320 (2d Cir. 2011) ("An overt act is any act performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy.").

For overt acts listed in the Indictment, the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025) and the jury charge in *Bankman-Fried*.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an object of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025) and the jury charge in *Bankman-Fried*, and the Second Circuit's statement of law in *United States v. Tzolov*, 642 F.3d 314, 320 (2d Cir. 2011) ("The act need not be unlawful; it can be any act, innocent or illegal, as long as it is done in furtherance of the object or purpose of the conspiracy."), and *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011) ("the overt act taken in furtherance of the conspiracy need not be a crime").

A conspirator's receipt of profits from the conspiracy can, by itself, constitute an overt act in furtherance of the conspiracy.

> Adapted from *United States v. Rutigliano*, 790 F.3d 389, 400 (2d Cir. 2015) (noting the "ordinary rule set out in *United States v.*

38

> *Salmonese,* 352 F.3d 608 (2d Cir.2003), that a conspirator's receipt of anticipated benefits within the limitations period can, by itself, constitute an overt act in furtherance of an ongoing conspiracy.").

Finally, although you must find unanimously that some overt act in furtherance of the conspiracy has been proved, you do not have to be unanimous as to which act.

> Adapted from *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011) ("[T]he jury need not agree on a single overt act to sustain a conspiracy conviction … although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy.").

39

**REQUEST NO. 16**
**Count Four: False Statements to Auditors**

Count Four alleges false statements to auditors, in violation of Section 13(b) of the Securities Exchange Act.

In order to find the defendant guilty, the Government must prove the following four elements beyond a reasonable doubt:

*First*, that the defendant was an officer or director of an issuer, which means a company that issues securities.

*Second*, that the defendant, directly or indirectly, made, or caused to be made, a materially false or misleading statement to an accountant, or omitted to state, or caused another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with the preparation or filing of any document or report required to be filed with the Securities and Exchange Commission; and

*Third*, the defendant acted knowingly and willfully.

> Adapted from the jury charges of the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Sept. 30, 2021), the Honorable Jed S. Rakoff in *United States v. Petit*, 19 Cr. 850 (Oct. 26, 2020), the Honorable Paul G. Gardephe in *United States v. Amnat*, 15 Cr. 536 (Oct. 22, 2018), and the Honorable Michael B. Mukasey in *United States v. Moskowitz*, 97 Cr. 1122 (Nov. 24, 1998).

In considering the first element, the term "officer" includes a Chief Executive Officer, and the term "director" means any director of a corporation. The term "issuer" means any person or entity that issues or proposes to issue any security or stock.

> Adapted from the jury charge of the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Sept. 30, 2021). *See also United States v. Heppner*, 25 Cr. 503 (JSR), 2026 WL 923078, at *8

40

(S.D.N.Y. Apr. 6, 2026) (concluding that the Securities Exchange Act's definition of 'issuer' governs).

As for the second element, my previous instructions regarding falsity and materiality apply here, except that you should consider whether the false or misleading statement would have been material to a reasonable auditor, instead of a reasonable investor.

> Adapted from the jury charges of the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (Sept. 30, 2021), the Honorable Jed S. Rakoff in *United States v. Petit*, 19 Cr. 850 (Oct. 26, 2020), the Honorable Paul G. Gardephe in *United States v. Amnat*, 15 Cr. 536 (Oct. 22, 2018), and the Honorable Michael B. Mukasey in *United States v. Moskowitz*, 97 Cr. 1122 (Nov. 24, 1998), and the statement of law in *SEC v. Straub*, 921 F. Supp. 2d 244, 268 (S.D.N.Y. 2013) ("[F]or purposes of Rule13b2–2, a statement is material if a reasonable auditor would conclude that it would significantly alter the total mix of information available to him. Such an interpretation of Rule 13b2–2 is reasonable given that the Rule speaks about the relationship between a corporation's director or officer and an *accountant* rather than an *investor* or recipient of a registration statement. Indeed, it would make little sense to import the reasonable investor standard to a Rule that does not even require that the misstatement ever be communicated to an investor in order to establish a violation." (internal quotation marks and citations omitted)).

In addition, the Government must prove that the false statement or omission was made to an accountant in connection with the preparation or filing of any document or report required to be filed with the Securities and Exchange Commission. A document or report "required to be filed" with the SEC is not limited to documents that an issuer itself must file directly with the SEC. It includes documents that are required to be incorporated into a filing that the issuer is obligated to submit to the SEC.

> Adapted from the jury charges of the Honorable Michael B. Mukasey in *United States v. Moskowitz*, 97 Cr. 1122 (Nov. 24, 1998), and from *United States v. Heppner*, 25 Cr. 503 (JSR), 2026 WL 923078, at *8 (S.D.N.Y. Apr. 6, 2026) (discussing the filing requirement).

41

The third element is that the defendant acted knowingly and willfully. I have previously instructed you on the meaning of those terms and you should apply those definitions here.

**REQUEST NO. 17**
**Count Five: Falsifying Records**

Count Five alleges the defendant falsified records with the intent to impede, obstruct, and influence an investigation by the SEC, in violation of Title 18, United States Code, Section 1519.

To prove a violation of Section 1519, the Government must prove the following three elements beyond a reasonable doubt:

*First*, that the defendant falsified, made a false entry, or caused the falsification or making of a false entry in a record or document;

*Second*, that that defendant acted knowingly; and

*Third,* that the defendant acted with the intent to impede, obstruct, or influence an investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or contemplation of any such matter or case.

> Adapted from the jury charges of the Honorable Jennifer H. Rearden in *United States v. Rangott*, 23 Cr. 4 (Aug. 1, 2024), the Honorable Analisa Torres in *United States v. Shea*, 20 Cr. 412 (Oct. 24, 2022), and the Honorable J. Paul Oetken in *United States v. Parnas*, 19 Cr. 724 (Oct. 13, 2021).

The first element is that the defendant falsified or created a false entry in any document or record. Falsifying a record means knowingly included within the record any untrue statement of fact or knowingly omitting from the record any fact that is necessary to make the facts that are included not misleading. Both tampering with pre-existing documents and creating a new document may constitute falsifying a document.

> Adapted from the jury charges of the Honorable Analisa Torres in *United States v. Shea*, 20 Cr. 412 (Oct. 24, 2022), and the Honorable J. Paul Oetken in *United States v. Parnas*, 19 Cr. 724 (Oct. 13, 2021).

The second element is that the defendant acted knowingly, as I have already defined that term. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

> Adapted from the jury charge of the Honorable Analisa Torres in
> *United States v. Shea*, 20 Cr. 412 (Oct. 24, 2022).

The third element is that the defendant intended to impede, obstruct, or influence an investigation or matter that falls within the jurisdiction of a department or agency of the federal government. I instruct you that the Securities and Exchange Commission, or SEC, is an agency of the federal government. Although the Government must prove that the defendant intended to impede, obstruct, or influence an investigation, it need not prove that a federal investigation was ongoing or imminent at the time the defendant acted or that he was aware that his conduct would impede, obstruct, or influence an investigation that was federal in nature. The government is required to prove only that the defendant acted in contemplation of a potential investigation. If you find that the defendant would or did act with an intent to impede, obstruct, or influence an ongoing or potential investigation of a matter, and if you find that the matter was in fact within the jurisdiction of a federal department or federal agency, then the element has been proven.

> Adapted from the jury charges of the Honorable Jennifer H. Rearden
> in *United States v. Rangott*, 23 Cr. 4 (Aug. 1, 2024), the Honorable
> Analisa Torres in *United States v. Shea*, 20 Cr. 412 (Oct. 24, 2022),
> and the Honorable J. Paul Oetken in *United States v. Parnas*, 19 Cr.
> 724 (Oct. 13, 2021).

44

**REQUEST NO. 18**
**Aiding and Abetting**

In addition to charging the defendant with substantive counts of securities fraud, wire fraud, making false statements to auditors, and falsifying records, all of the substantive counts I have instructed you on today also charge the defendant charged in that count with what is called aiding and abetting.

Aiding and abetting a crime is one manner of committing that crime. A defendant can be convicted of committing a crime if he helps someone else to commit the crime. For example, if the Government proves beyond a reasonable doubt that the defendant committed the substantive securities fraud alleged in Count One, then you need not consider aiding and abetting with respect to that count. If, however, you find that the Government did not prove beyond a reasonable doubt that that defendant engaged in the securities fraud charged in Count One, to continue using that count as an example, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that that defendant aided and abetted someone else in the commission of securities fraud as alleged in that count. And again, while I have used Count One as an example, this concept of aiding and abetting is also alleged in Counts Two, Four, and Five.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. A person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it. You may thus find the defendant guilty if you find beyond a reasonable doubt that the Government has proven that someone committed the substantive offense, and that the defendant helped or assisted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue. The defendant cannot be convicted of aiding and abetting if nobody committed

45

the underlying crime. But if you do find that the underlying crime at issue was committed by someone other than the defendant, you should consider whether the defendant aided or abetted the person who actually committed the crime.

To aid and abet another to commit a crime, the defendant must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed. In the aiding and abetting context, participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of the defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor. The defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must have his or her own affirmative interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did someone other than the defendant commit the crime at issue? If no, please go on to the next count.

Did the defendant participate in the crime charged as something that he wished to bring about?

Did he associate himself with the attempt to commit the crime by other people knowingly and willfully?

Did he seek by his or her actions to make their criminal venture succeed?

46

If so, the defendant is an aider and abettor, and therefore he is guilty of the offense under consideration. If not, then the defendant is not an aider and abettor, and he is not guilty as an aider and abettor of the offense under consideration.

> Adapted from the jury charges in *Garelick*, *Goel*, *Bankman-Fried*, and *Raji*.

### REQUEST NO. 19
### Willfully Causing a Crime

The second way in which the Government can prove a defendant's guilt under 18 U.S.C. § 2 on Counts One, Two, Four, and Five is through a finding beyond a reasonable doubt that the defendant willfully caused a crime. Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean? It means that the defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

*First*, did the defendant have the mental state necessary to commit the offenses you are considering; and

*Second*, did the defendant intentionally cause another person to commit the action or actions that constituted the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then that defendant is guilty of the crime charged just as if the defendant himself or herself had actually committed it. To find the defendant guilty under this provision of the statute, the Government need not prove that he acted through a guilty person. Instead, the defendant can be

found guilty even if he acted through someone who has no knowledge of the illicit acts charged in the indictment or otherwise is not guilty of any crime.

Adapted from the jury charge in *Garelick*, *Goel*, and *Avenatti*.

**REQUEST NO. 20**
**Presence of Counsel**
*[If applicable]*

You have heard evidence that the defendant may have communicated with attorneys during the time period at issue in this case. You may consider these communications, like all others of the defendant's as to which evidence is received, as evidence that may bear on the defendant's state of mind and intentions and to give that evidence whatever weight, if any, you deem appropriate considering all the other facts. However, a lawyer's involvement does not, itself, constitute a defense to the charges in this case. The defense has not claimed that the defendant's conduct was lawful because he engaged in such conduct in good-faith reliance on the advice of a lawyer. Both parties agree that the evidence does not support that the defendant acted on the advice of an attorney.

> Adapted from the jury charges in *Castillero*, *Bankman-Fried*, and *Larmore*.

## REQUEST NO. 21
### Venue

In addition to all of the elements I have described, you must decide, separately with respect to each Count, whether the crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, as well as Westchester, Putnam, Rockland, Orange, Dutchess, and Sullivan Counties.

For Count One, securities fraud, and Count Four, making false statements to auditors, it is sufficient to satisfy the venue requirement if any act in furtherance of the crime occurred in this District. Additionally, the act itself need not be a criminal act. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

For Count Two, wire fraud, it is sufficient to establish venue if the defendant caused any interstate wire such as an e-mail, phone call, television or Internet broadcast, or financial transaction to be transmitted into or out of the District. The wire need not itself be criminal as long as it was transmitted or caused to be transmitted as part of the scheme. The wire need not have been sent or received by the defendant so long as it was part of the crime that you find he committed.

For Count Three, conspiracy, the Government need not prove that the entirety of the conspiracy was committed in the Southern District of New York, or that the defendant was present here.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York.

For Count Five, venue is proper in this District if any part of the obstructive acts or conduct occurred in this District.

On this issue – and this alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the crime was committed in this District.

If you find that the Government has failed to prove the venue requirement, then you must acquit the defendant.

> Adapted from the jury charges in *Chastain*, *Goel*, *Milton*, and *Bankman-Fried. See also United States v. Lange*, 834 F.3d 58, 72 (2d Cir. 2016) (venue proper where fraudulent communications were received); *United States v. Brown*, 293 F. App'x 826, 829 (2d Cir. 2008) ("the passage of the wire transfer through the Southern District of New York created venue for statutory purposes"); 18 U.S.C. § 1512(i).

**REQUEST NO. 22**
**Variance in Dates, Amounts**

The Indictment refers to various dates and amounts. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month, but the testimony indicates that in fact it was a different date or month. Nor does it matter if the Indictment alleges that a transaction involved a specific number of shares or amount of money, but the testimony indicates that it was a different amount. The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

Adapted from the jury charge in *Garelick*.

**REQUEST NO. 23**
**Similar Act Evidence**

The Government has offered evidence tending to show that on prior occasions the defendant engaged in conduct similar to the charges in the Indictment.  In that connection, let me remind you that the defendant is not on trial for committing these acts not alleged in the Indictment.  Accordingly, you may not consider this evidence of the similar acts as a substitute for proof that the defendant committed the crime charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.

The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.  If you determine that the defendant participated in the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in participating in the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.  Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the Indictment.

Adapted from the jury charge in *United States v. Ansah*, 19 Cr. 752 (JMF).

### REQUEST NO. 24
### Uncalled Witnesses – Equally Available or Unavailable

There are people whose names you heard during the course of the trial that did not appear in court to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

> Adapted from the jury charges in *Chastain*, *Garelick*, *Stewart*, *Chow*, and *Riley*.

**REQUEST NO. 25**
**Preparation of Witnesses**

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys. Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

> Adapted from the jury charges in *Chastain*, *Garelick*, *Pinto-Thomaz*, *Stewart*, *Chow*, and *Riley*.

56

**REQUEST NO. 26**
**Other Individuals Not on Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant you are considering from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the jury charge in *Bankman-Fried*.

## REQUEST NO. 27
### Preparation of Witnesses

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys. Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

> Adapted from the jury charges in *Chastain*, *Garelick*, *Pinto-Thomaz*, *Stewart*, *Chow*, and *Riley*.

**REQUEST NO. 28**
**Law Enforcement or Government Witnesses**

You have heard the testimony of witnesses employed as law enforcement officials and of employees of various Government agencies or regulators. The fact that a witness may be employed by federal or state agencies or regulators does not mean that his or her testimony is necessarily deserving of any more or any less consideration, or greater or lesser weight, than that of any other witness. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give that testimony whatever weight you find it deserves.

Adapted from the jury charges in *Chastain*, *Garelick*, *Stewart*, and *Chow*.

**REQUEST NO. 29**
**Non-Prosecution Agreement**

You have heard testimony from two witnesses who entered into non-prosecution agreements with the Government arising out of facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a witness entered into such an agreement, even involving similar conduct. The decision of that witness to enter into that agreement and of the Government to enter into that agreement were personal decisions on the part of the witness and the Government and an exercise of the Government's lawful discretion in the case of the Government. It may not be used by you in any way for or against the defendant you are considering.

Adapted from the jury charge in *Bankman-Fried*.

## REQUEST NO. 30
### Expert Testimony

You heard the testimony of a witness who I certified as an expert. Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the witness's qualifications, her opinions, her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert. Nor should you substitute the expert's opinion for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

> Adapted from the jury charges in *Chastain*, *Garelick*, *Riley*, and *Whitman*.

61

**REQUEST NO. 31**
**Defendant's Testimony [or Defendant's Right Not to Testify]**

[*If the defendant testifies:*] A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt, and that burden remains on the Government at all times. In this case, the defendant did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

[*If the defendant does not testify and requests an instruction concerning election not to do so:*] The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant.

A defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against that defendant in any way in your deliberations in the jury room.

> Adapted from the jury charges in *Chastain*, *Garelick*, *Pinto-Thomaz*, *Stewart*, *Chow*, and *Riley*. *See also United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006) (regarding instruction about defendant's testimony).

62

**REQUEST NO. 32**
**Particular Investigative Techniques**
**[*If Applicable*]**

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement, however, that the Government prove its case through any particular means. The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether or not the Government has proven the guilt of the defendant beyond a reasonable doubt.

Adapted from the jury charges in *Chastain*, *Garelick*, and *Chow.*

**REQUEST NO. 33**
**Use of Evidence Obtained Pursuant to Searches**
**[*If Applicable*]**

You have heard testimony about evidence seized, pursuant to search warrants signed by a judge, from electronic devices. Evidence obtained from these searches was properly admitted in this case and may properly be considered by you. Indeed, searches of electronic devices are entirely appropriate law enforcement actions. Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

Adapted from the jury charge in *Bankman-Fried*.

**REQUEST NO. 34**
**Use of Audio Recordings and Transcripts**
**[*If Applicable*]**

Audio recordings and transcripts have been admitted into evidence. Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is lawful, and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

The transcripts are only aids; the recordings themselves are the evidence. If you wish to hear any of the recordings again, they will be made available to you during your deliberations.

> Adapted from the jury charge in *Goel* and the charge given by the Honorable Paul A. Crotty in *United States v. Sosa-Zarzuela*, 21 Cr. 31.

**REQUEST NO. 35**
**Charts and Summaries: Admitted as Evidence**
**[*If Applicable*]**

The parties presented exhibits in the form of charts and summaries. As you will recall, some of the charts and summaries were not admitted into evidence, but were shown to you as aids to make the other evidence more meaningful and to help you in considering the evidence. Others were admitted into evidence as exhibits. I admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits upon which they were based.

Adapted from the jury charges in *Chastain* and *Garelick*.

66

**REQUEST NO. 36**
**Stipulations**
**[*If Applicable*]**

In this case you have also heard evidence in the form of stipulations.  A stipulation of fact is an agreement between the parties, including that a certain fact is true.  You must regard such agreed-upon facts as true.

A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

Adapted from the jury charge in *Chastain*.

**CONCLUSION**

The Government respectfully reserves the right to submit additional or modified requests

at or near the close of evidence.

Dated: New York, New York
       April 14, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  _____
     Daniel G. Nessim
     Alexandra Rothman
     Kyle A. Wirshba
     Assistant United States Attorneys
     (212) 637-2486 / -2580 / -2493

68