UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 25 CR. 503 (JSR) |
| BRADLEY HEPPNER, | |
| Defendant. | |

## MR. HEPPNER'S REQUESTS TO CHARGE

Pursuant to Federal Rule of Criminal Procedure 30(a), Defendant Bradley Heppner respectfully requests that the Court include the following instructions in its charge to the jury.  Also included in this submission is Mr. Heppner's proposed jury verdict form.

TABLE OF CONTENTS

**GENERAL INSTRUCTIONS**

1.  Proposed Instruction No. 1:      Duty of the Court

2.  Proposed Instruction No. 2:      Duty of the Jury

3.  Proposed Instruction No. 3:      Duty of Impartiality

4.  Proposed Instruction No. 4:      Presumption of Innocence and Burden of Proof

5.  Proposed Instruction No. 5:      Reasonable Doubt

6.  Proposed Instruction No. 6:      Direct and Circumstantial Evidence

7.  Proposed Instruction No. 7:      Witness Credibility

8.  Proposed Instruction No. 8:      Mr. Heppner's Right Not to Testify

**THE CHARGES**

9.  Proposed Instruction No. 9:      Summary of the Charges

10. Proposed Instruction No. 10:     Count One, Securities Fraud: Generally

11. Proposed Instruction No. 11:     Count One, Securities Fraud: First Element Fraudulent Act

12. Proposed Instruction No. 12:     Count One, Securities Fraud: Second Element—Knowledge, Willfulness, and Intent to Defraud

13. Proposed Instruction No. 13:     Count One, Securities Fraud: Third Element—Instrumentality of Interstate Commerce

14. Proposed Instruction No. 14:     Count Two, Wire Fraud: Generally

15. Proposed Instruction No. 15:     Count Two, Wire Fraud: First Element—Fraudulent Scheme

16.   Proposed Instruction No. 16:    Count Two, Wire Fraud: Second Element Participation in Fraudulent Scheme with Intent to Defraud

17.   Proposed Instruction No. 17:    Count Two, Wire Fraud: Third Element—Use of Interstate Wires

18.   Proposed Instruction No. 18:    Count Three, Conspiracy: Generally

19.   Proposed Instruction No. 19:    Count Three, Conspiracy: First Element—Existence of the Conspiracy

20.   Proposed Instruction No. 20:    Count Three, Conspiracy: First Element—Objects of the Conspiracy

21.   Proposed Instruction No. 21:    Count Three, Conspiracy: Second Element— Membership in the Conspiracy

22.   Proposed Instruction No. 22:    Count Three, Conspiracy: Third Element—Overt Acts

23.   Proposed Instruction No. 23:    Count Four, False Statements to Accounts: Generally

24.   Proposed Instruction No. 24:    Count Four, False Statements to Accounts: First Element—Issuer of Securities

25.   Proposed Instruction No. 25:    Count Four, False Statements to Accounts: Second Element—Director or Officer of Issuer

26.   Proposed Instruction No. 26:    Count Four, False Statements to Accounts: Third Element—False or Misleading Statement

27.   Proposed Instruction No. 27:    Count Four, False Statements to Accounts: Fourth Element—"In Connection With" Documents Required to be Filed with the SEC

28.   Proposed Instruction No. 28:    Count Four, False Statements to Accounts: Fifth Element—Knowingly and Willfully

29.   Proposed Instruction No. 29:    Count Five, Falsifying Documents with the Intent to Obstruct an SEC Investigation

30.   Proposed Instruction No. 30:    Venue

## CONCLUDING INSTRUCTIONS

31.  <u>Proposed Instruction No. 31</u>:     Selection of Foreperson: Right to See Exhibits, Hear Testimony, and Communications with the Court

32.  <u>Proposed Instruction No. 32</u>:     Need for Unanimity and Duty to Consult

**GENERAL INSTRUCTIONS**

PROPOSED INSTRUCTION NO. 1

Duty of the Court[1]

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

---

[1] This proposed instruction is derived directly from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 4.

<u>PROPOSED INSTRUCTION NO. 2</u>

<u>Duty of the Jury</u>[2]

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you a thumb-drive containing all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard

---

[2]    This proposed instruction is derived directly from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 5-6.

or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

PROPOSED INSTRUCTION NO. 3

Duty of Impartiality[3]

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

---

[3]    This proposed instruction is derived directly from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 7.

PROPOSED INSTRUCTION NO. 4

Presumption of Innocence and Burden of Proof[4]

The defendant, Bradley Heppner, is charged with five federal crimes about which I will instruct you shortly. Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

To prevail against Mr. Heppner on a given charge, the government must prove each essential element of that charge beyond a reasonable doubt. If the government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge.

Mr. Heppner has pleaded not guilty and is presumed innocent. This burden never shifts to Mr. Heppner, for the simple reason that the law presumes Mr. Heppner to be innocent and never imposes upon him the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, Mr. Heppner starts with clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the government has proved that he is guilty of a charge beyond a reasonable doubt.

---

[4]    This proposed instruction is derived from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 8 (modified to fit the allegations in this case).

PROPOSED INSTRUCTION NO. 5

Reasonable Doubt[5]

Since, to convict Mr. Heppner of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt?

The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Heppner's guilt with respect to a particular charge against him, you must find Mr. Heppner not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Heppner's guilt with respect to a particular charge against him, you should not hesitate to find him guilty of that charge.

---

[5]    This proposed instruction is derived from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 9 (modified to fit the allegations in this case).

PROPOSED INSTRUCTION NO. 6

Direct and Circumstantial Evidence[6]

In deciding whether the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give

---

[6] This proposed instruction is derived directly the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 10.

11

them such weight as you conclude is warranted.

PROPOSED INSTRUCTION NO. 7

Witness Credibility[7]

It must be clear to you by now that counsel for the government and counsel for Mr. Heppner are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or Mr. Heppner that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to

---

[7]    This proposed instruction is derived from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 11-12 (modified to fit the allegations in this case).

shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

In this regard, you have heard testimony from two witnesses who admitted to being involved in some of the alleged criminal activity with which Mr. Heppner is charged and testified either pursuant to a non-prosecution agreement with the government or pursuant to a grant of immunity. Specifically, Keith Martens and Jeff Hinkle each testified pursuant to a non-prosecution agreement with the government. The law permits the use of testimony from such witnesses; indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction if it convinces you of Mr. Heppner's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of each such witness be scrutinized with particular care and caution. After carefully scrutinizing the testimony of a witness who is testifying pursuant to a non-prosecution agreement and taking account of the special features of such agreements, you may give the testimony as little or as much weight as you deem appropriate.

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

14

PROPOSED INSTRUCTION NO. 8

Mr. Heppner's Right Not to Testify [IF MR. HEPPNER DOES NOT TESTIFY][8]

Mr. Heppner did not testify in this case. Under our Constitution, Mr. Heppner has no obligation to testify or to present any evidence, because it is the government's burden to prove Mr. Heppner's guilty beyond a reasonable doubt. Mr. Heppner is never required to prove that he is innocent.

Accordingly, you must not attach any significance to the fact that Mr. Heppner did not testify. No adverse inference against Mr. Heppner may be drawn by you because he did not take the witness stand, and you may not consider such silence against him in any way in your deliberations in the jury room.

---

[8]    This proposed instruction is derived from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 13 (modified to fit the allegations in this case).

15

**THE CHARGES**

PROPOSED INSTRUCTION NO. 9

Summary of the Charges[9]

With these preliminary instructions in mind, let us turn to the specific charges against Mr. Heppner.

These charges were originally set forth in what is called an indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. The indictment in this case contains five counts, and each count charges a different crime. I will, for convenience, refer to each charge or count by its number as it appears in the indictment.

Count One alleges that Mr. Heppner committed securities fraud.

Count Two alleges that Mr. Heppner committed wire fraud.

Count Three alleges that Mr. Heppner conspired to commit securities fraud and wire fraud.

Count Four alleges that Mr. Heppner made false statements to Beneficient's accountants.

And Count Five alleges that Mr. Heppner falsified documents with the intent to obstruct an SEC investigation.

At the outset, let me instruct you that before Mr. Heppner can be convicted of any of these charges, the government must prove every essential element of that charge against Mr. Heppner beyond a reasonable doubt.

---

[9]    This proposed instruction is derived from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 15 (modified to fit the allegations in this case).

In your deliberations and in reaching your verdict, you must consider each count separately and determine whether the government has carried its burden of proof with respect to each element of that particular charge as to Mr. Heppner.

PROPOSED INSTRUCTION NO. 10

Count One, Securities Fraud: Generally[10]

Count One charges Mr. Heppner with the substantive crime of securities fraud.

Specifically, Count One alleges that Mr. Heppner made affirmative misrepresentations and misleading statements to GWG and then transferred funds to Beneficient in exchange for the purchase of Beneficinet's securities on three separate occasions: (a) in late 2019, when GWG made a $79 million investment in Beneficient in exchange for Beneficient securities; (b) in 2020, when GWG made a $61 million investment in exchange for Beneficient securities, and (c) between July 2020 and March 2021, when GWG made additional investments in Beneficient in exchange for Beneficient securities. Count One further alleges that the affirmative misrepresentations and misleading statements Mr. Heppner made and caused others to make to GWG related to (a) the origins of Beneficient's debt, (b) the extent to which Mr. Heppner would benefit from repayments on the debt, and (c) the extent to which Mr. Heppner directed entities that controlled the debt, including HCLP.

In order to meet its burden of proof, the government must establish beyond a reasonable doubt the following three elements of the crime of securities fraud:

First, that in connection with the purchase or sale of Beneficient securities, Mr. Heppner made an untrue statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading.

Second, that Mr. Heppner acted willfully, knowingly and with the intent to defraud.

---

[10]    This proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 57-20, "Elements of the Offense" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the allegations in this case).

Third, that Mr. Heppner knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the alleged fraudulent conduct.

I will say a few words about each of these three elements.

PROPOSED INSTRUCTION NO. 11

Count One, Securities Fraud:  First Element—Fraudulent Transaction[11]

The first element the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of Beneficient securities, Mr. Heppner made, or caused to be made, an untrue statement of material fact or omitted, or caused another to omit, to state a material fact that made what was said, under the circumstances, misleading.

With regard to the alleged misrepresentations, you must determine whether the statement was true or false when it was made, or whether the representation made failed to state a material fact that, under the circumstances, rendered the representation made misleading.

A material fact is one that would have been significant to a reasonable investor's investment decision. This is not to say that the government must prove that the misrepresentation would have deceived a person of ordinary intelligence. Once you find that there was a material misrepresentation or misleading representation, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

You need not find that the Mr. Heppner actually participated in any securities transaction if Mr. Heppner was engaged in fraudulent conduct that was "in connection with" a purchase or sale. The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation

---

[11]    Unless otherwise noted in bold type, this proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 57-21, "First Element—Fraudulent Act (Classic Fraud)" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the allegations in this case).

between the allegedly fraudulent conduct and the purchase of Beneficient securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

**The transaction at issue must involve a "security." A "security" is an investment of money in a commercial, financial, or other business enterprise, with the expectation of profit or other gain produced by the efforts of others.**[12]

**Finally, you must be unanimous as to the specific securities transaction that was undertaken in connection with the allegedly fraudulent conduct.**[13]

---

[12] This proposed instruction is derived from MANUAL OF MODEL CIVIL INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, (2025), Civil, Instruction No. 18.1, "Purpose and Selected Definitions" (modified to fit the allegations in this case).

[13] *United States v. Dioguardi*, 492 F.2d 70, 83 (2d Cir. 1974) ("It is true that there has been debate in the past over whether such transactions constitute a multiple offense, the essence of the violation being illegal use of the mails, or a single offense, the essence being fraud . . . . However, recent litigation involving fraud under the securities laws has resolved this debate in favor of the position that each transaction in a securities fraud case constitutes a separate offense.") (internal quotations and citations omitted); *United States v. Schlei*, 122 F.3d 944, 978-79 (11th Cir. 1997) ("[T]o avoid the vices of multiplicity in securities fraud cases, each count of the indictment must be based on a separate purchase or sale of securities and each count must specify a false statement of material fact—not a full blown scheme to defraud—in connection with that purchase or sale" and concluding that "where one of the charged [transactions] provides an improper basis for prosecution in the district, and no unanimity charge was given, a count containing two securities offenses is duplicitous").

PROPOSED INSTRUCTION NO. 12

Count One, Securities Fraud:  Second Element—Knowledge, Willfulness, and Intent to Defraud[14]

The second element that the government must establish beyond a reasonable doubt is that Mr. Heppner participated in the alleged scheme to defraud knowingly, willfully, and with intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law **and with knowledge that his conduct is wrong**.[15]

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of Mr. Heppner is a complete defense to a charge of securities fraud. Mr. Heppner, however,

---

[14]    Unless otherwise noted in bold type, this proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 57-24, "Second Element—Knowledge, Intent, and Willfulness" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the allegations in this case).

[15]    *United States v. Kaiser*, 609 F. 3d 556, 569 (2d Cir. 2010) (willfulness requires "an awareness of the general wrongfulness of [the defendant's] conduct").

has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by Mr. Heppner is a good defense, however inaccurate the statements may have turned out to be.

In considering whether or not Mr. Heppner acted in good faith, you are instructed that a belief by Mr. Heppner, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. No amount of honest belief on the part of Mr. Heppner that the alleged scheme will succeed (e.g., ultimately make a profit for the investors) will excuse fraudulent actions or false representations by him to obtain money.

PROPOSED INSTRUCTION NO. 13

Count One, Securities Fraud:  Third Element—Instrumentality of Interstate Commerce[16]

The third and final element that the government must prove beyond a reasonable doubt is that Mr. Heppner knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the mails in furtherance of the allegedly fraudulent transaction.

It is not necessary that Mr. Heppner be directly or personally involved in using means or instruments of transport or communication in interstate commerce or the use of the mails.

If Mr. Heppner was an active participant in the alleged scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of means or instruments of transportation or communication in interstate commerce or the mails, then you may find that he caused the conduct and this element is satisfied.

The use of means or instruments of transportation or communication in interstate commerce or the use of the mails need not be central to the execution of the alleged scheme, and may even be incidental to it.  All that is required is that the use of the means or instruments of transportation or communication in interstate commerce or the use of the mails bear some relation to the object of the alleged scheme or allegedly fraudulent conduct.

---

[16]    This proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 57-25, "Third Element—Instrumentality of Interstate Commerce" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the allegations in this case).

**Finally, you must be unanimous as to the specific use of a means or instrument of transportation or communication in interstate commerce or the mails that was employed in furtherance of the securities transaction that was undertaken in connection with the allegedly fraudulent conduct.**[17]

---

[17]    *United States v. Vilar*, 729 F.3d 62, 87 n.22 (2d. Cir. 2013) ("[The defendants] not only failed to raise an objection to the failure explicitly to require a unanimous finding [for a 10b-5 criminal charge] as to the use of the mails or instrumentality of interstate commerce, but they invited such an error (if it was indeed, an error) by proposing jury instructions that required unanimity on certain elements but not on the mail or instrumentality of interstate commerce element.").

<u>PROPOSED INSTRUCTION NO. 14</u>

<u>Count Two, Wire Fraud:  Generally</u>[18]

Count Two charges Mr. Heppner with the substantive crime of wire fraud.

Specifically, Count Two alleges that Mr. Heppner engaged in a scheme to defraud GWG by making affirmative misrepresentations and misleading statements to GWG in order to obtain GWG's money on four separate occasions: (a) in May 2019, when GWG provided Beneficient with a $65 million loan; (b) in late 2019, when GWG made a $79 million investment in Beneficient; (c) in July 2020, when GWG made an additional $61 million investment in Beneficient; and (d) between July 2020 and March 2021, when GWG made additional investments in Beneficient. Count Two further alleges that the   affirmative misrepresentations and misleading statements Mr. Heppner made and caused others to make to GWG related to (a) the origins of Beneficient's debt, (b) the extent to which Mr. Heppner would benefit from repayments on the debt, and (c) the extent to which Mr. Heppner directed entities that controlled the debt, including HCLP.

Federal law makes it a crime to use interstate or international wire communications in furtherance of a fraudulent scheme.  This is called the crime of wire fraud.

In order to meet its burden of proof on the charge of wire fraud, the government must prove the following three elements beyond a reasonable doubt:

<u>First</u>, that there existed a scheme to defraud one or more persons of money or property by means of false or fraudulent pretenses, representations, or promises;

---

[18]     This proposed instruction is derived from the Section 1343 jury charge given in *United States v. Newkirk*, 14-CR-534 (S.D.N.Y. Dec. 30, 2015) (Rakoff, J.), ECF 106 at 2210-11 (modified to fit the relevant allegations in this case).

Second, that Mr. Heppner knowingly and willfully participated at some point in the alleged scheme to defraud, with knowledge of its fraudulent nature and with a specific intent to defraud;

Third, that in the execution of the alleged scheme to defraud, there occurred at least one use of interstate or international wire communication that was used to further or assist in carrying out the scheme to defraud.

PROPOSED INSTRUCTION NO. 15

Count Two, Wire Fraud:  First Element—Fraudulent Scheme[19]

As to the first element, the government must prove beyond a reasonable doubt that there was a "scheme to defraud."  A "scheme to defraud" is a plan or design to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

The government alleges that, from 2018 through 2021, there existed a scheme to defraud GWG and prospective investors in Beneficient about the origins of Beneficient's debt, the extent to which Mr. Heppner would benefit from repayments on the debt, and the extent to which Mr. Heppner directed entities that controlled the debt, including HCLP.

Fraudulent pretenses, representations or promises can take the form of outright lies, but they can also consist of misleading half-truths.  **A misleading half-truth occurs when a defendant makes an affirmative statement that he passes off as the whole truth while knowingly, willfully, and intentionally omitting material facts that render the statement misleading**.[20]

The alleged lies or misrepresentations must relate to a material fact, that is, information that a reasonably prudent person would consider important in making a decision to part with money or

---

[19]    Unless otherwise noted in bold type, this proposed instruction is derived from the Section 1343 jury charge given in *United States v. Newkirk*, 14-CR-534 (S.D.N.Y. Dec. 30, 2015) (Rakoff, J.), ECF 106 at 2211-12 (modified to fit the relevant allegations in this case).

[20]    *In re Innovatio IP Ventures, LLC Patent Litigation*, 921 F. Supp. 2d 903, 919 (N.D. Ill. 2013) (stating that the Seventh Circuit "provides that a duty to disclose arises when the defendant makes an affirmative statement that [he] passes off as the whole truth while omitting material facts that render the statement a misleading half-truth . . . [which] applies to the determination of whether non-disclosure is fraudulent for purposes of the mail and wire fraud statutes").

property.   However, it does not matter whether any individual or entity in fact relied upon the alleged lies or misrepresentations.

The government also must prove that the alleged scheme was intended to deprive one or more victims of money or property, **and that money or property was the object of the alleged scheme to defraud.**[21]  **Property, however, does not include the right receive valuable economic information needed to make discretionary economic decisions**.[22]

**And you must be unanimous as to the specific transaction that serves as a basis for the scheme to defraud**.[23]

The government is not required to prove that the alleged scheme to defraud actually succeeded, that Mr. Heppner personally benefitted from the alleged scheme to defraud, or that any victim actually suffered any loss from the alleged scheme to defraud.  Nor is the government required to prove that all these alleged misrepresentations were made. It is sufficient if even one false statement was made, so long as that statement was material.  The government is not required to prove that Mr. Heppner originated the alleged scheme to defraud. It is sufficient if you find that a scheme to defraud existed,

---

[21]    *United States v. Kelly*, 590 U.S. 391, 398 (2020) ("[T]he Government had to show not only that [the defendants] engaged in deception, but that an object of their fraud was [money or] property.") (internal quotations, citations, and brackets omitted).

[22]    *United States v. Ciminelli*, 598 US 306, 316 (2023) ("In sum, the wire fraud statute reaches only traditional property interests. The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest.").

[23]    *See United States v. Walker,* 254 Fed. Appx. 60, 62 (2d Cir. 2007) (unpublished) (noting that Second Circuit law "clearly signals courts and parties (including defendants) to the 'sound practice' of charging unanimity with particularity when multiple transactions serve the basis for a fraud conviction.").

even if originated by another, and that Mr. Heppner knowingly and intentionally participated in that alleged scheme.

PROPOSED INSTRUCTION NO. 16

Count Two, Wire Fraud:
Second Element—Participation in Fraudulent Scheme with the Intent to Defraud[24]

The second element of wire fraud requires the government to prove beyond a reasonable doubt that Mr. Heppner participated at some point in the alleged scheme knowingly, willfully, and with a specific intent to defraud.

To act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently. This includes, among other things, a requirement that Mr. Heppner have knowledge that he was engaged in a fraudulent scheme.

However, Mr. Heppner's knowledge of a particular fact of consequence may be proved either directly or by circumstantial evidence.

To act "willfully" means to act voluntarily and with an improper purpose. To act with a "specific intent to defraud" goes further and requires that Mr. Heppner intended, at least in part, to deceive one or more individuals in order to obtain their money or property, and to thereby harm one or more individuals.

In this regard, let me advise you that Mr. Heppner's good faith is a complete defense to the charges in this case. A statement made with good faith belief in its accuracy does not amount to an intentional false or misleading statement and is not a crime. This is so even if the statement is itself inaccurate or misleading. If Mr. Heppner believed in good faith that he was acting properly in making

---

[24]    This proposed instruction is derived from the Section 1343 jury charge given in *United States v. Newkirk*, 14-CR-534 (S.D.N.Y. Dec. 30, 2015) (Rakoff, J.), ECF 106 at 2212-14 (modified to fit the relevant allegations in this case).

such a statement or causing it to be made, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing criminal intent and lack of good faith rests upon the government. Mr. Heppner is under no burden to prove his good faith; rather, the government must prove bad faith and an intent to defraud beyond a reasonable doubt.

PROPOSED INSTRUCTION NO. 17

Count Two, Wire Fraud:  Third Element—Use of Interstate Wires[25]

The third element of wire fraud requires that the government prove beyond a reasonable doubt that at least one use of interstate or international wire communication occurred to further or assist in carrying out the alleged scheme to defraud

A "wire" communication includes telephone, fax, and e-mail communications and also includes wire transfers of funds.

It is not necessary that the wire communication itself contain a fraudulent representation; rather, it is sufficient if a wire was used to further or assist in carrying out the alleged scheme to defraud and that it pass between two states or between the United States and a foreign country.

Also, it is not necessary for Mr. Heppner to be directly or personally involved in sending the wire communication, as long as the communication was reasonably foreseeable to further or assist in carrying out the alleged scheme to defraud.

**Finally, you must be unanimous as to the specific wire communication that was used to further or assist in carrying out the alleged scheme to defraud.**[26]

---

[25]    Unless otherwise noted in bold type, this proposed instruction is derived from the Section 1343 jury charge given in *United States v. Newkirk*, 14-CR-534 (S.D.N.Y. Dec. 30, 2015) (Rakoff, J.), ECF 106 at 2214.

[26]    *United States v. Dupre*, 462 F.3d 131, 144 (2d Cir. 2006) ("As we have previously observed, it would be sound practice for a trial judge to charge a jury that it must be unanimous as to what specific transaction serves as the basis of a conviction for wire fraud, but it is not reversible error if a trial judge fails to do so and provides a standard instruction as to unanimity.").

PROPOSED INSTRUCTION NO. 18

Count Three, Conspiracy to Commit Securities Fraud and Wire Fraud: Generally[27]

Count Three charges Mr. Heppner with conspiracy to commit securities fraud and wire fraud.

In order to meet its burden of proof on the charge of conspiracy to commit securities fraud and wire fraud, the government must prove beyond a reasonable doubt each of the following three elements:

First, the existence of the charged conspiracy;

Second, that Mr. Heppner knowingly and willfully joined and participated in this conspiracy during the applicable time period; and

Third, that at least one of the co-conspirators committed an overt act in furtherance of the conspiracy.

I will say a few words about each of these three elements.

---

[27] This proposed instruction is derived from the Section 371 jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 22 (Instruction No. 15).

PROPOSED INSTRUCTION NO. 19

<u>Count Three, Conspiracy to Commit Securities Fraud and Wire Fraud:  First Element—Existence of the Conspiracy</u>[28]

A conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, known as the "objects" of the conspiracy.

Thus, with respect to the first element of the conspiracy charge, you must determine whether the government has proved, beyond a reasonable doubt, that there existed a conspiracy that had at least one of the two following objects: (a) securities fraud and/or (b) wire fraud.

You need not find that the conspirators conspired to achieve both objectives, but you must nonetheless unanimously agree on which specific objective or objectives the conspirators agreed to accomplish.

I will now say a few words about each of the two alleged "objects" of the charged conspiracy.

---

[28]     This proposed instruction is derived from the Section 371 jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 23 (modified to fit the allegations in this case).

PROPOSED INSTRUCTION NO. 20

Count Three, Conspiracy to Commit Securities Fraud and Wire Fraud:  First Element—Objects of the Conspiracy[29]

The first object of the alleged conspiracy was to commit securities fraud. The second object of the alleged conspiracy was to commit wire fraud.  I have previously described to you the elements of substantive securities fraud and wire fraud, and these instructions apply here in specifying the elements of the object of the conspiracy that the conspirators are alleged to have agreed to.

But please bear in mind that conspiracy is an entirely distinct and separate offense from the alleged securities fraud and wire fraud. The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy.

Rather, the government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish securities fraud, as described in Instructions 10-13, and/or wire fraud, as described in Instructions 14-17.

Again, you need not find that the conspirators conspired to achieve both objectives, but you must nonetheless unanimously agree on which specific objective or objectives the conspirators agreed to accomplish.

In addition, while the indictment charges that the alleged conspiracy to commit securities

---

[29] This proposed instruction is derived from the Section 371 jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 24 (modified to fit the allegations in this case).

fraud and wire fraud began in 2018 and continued through 2021, it is not essential that the government prove that the conspiracy started and ended on those specific dates, or that it existed throughout that period.

Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

PROPOSED INSTRUCTION NO. 21

Count Three, Conspiracy to Commit Securities Fraud and Wire Fraud:  Second Element—
Membership in the Conspiracy[30]

Turning to the second element of the conspiracy charge, if you conclude that the government has proved beyond a reasonable doubt that the charged conspiracy existed and had at least one of the two objects as its objective, you must then consider whether the Government has proved beyond a reasonable doubt that Mr. Heppner intentionally joined and participated in the conspiracy.

To prove this element, the government must prove beyond a reasonable doubt that Mr. Heppner entered into the conspiracy and did so knowingly, intentionally, and with intent to defraud, as I have previously described those terms to you.

Please note that it is not necessary that Mr. Heppner be fully informed of all the details of the conspiracy in order to justify an inference of participation on his part. Nor does Mr. Heppner need to know the full extent of the conspiracy or all its participants. Indeed, it is not necessary that Mr. Heppner know more than one other member of the conspiracy. Nor is it necessary that Mr. Heppner actually receive any monetary or other benefit from participating in the conspiracy.

Furthermore, the law does not require that Mr. Heppner joined the conspiracy through a written or verbal agreement; a tacit agreement or understanding is sufficient.

---

[30]    This proposed instruction is derived from the Section 371 jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 27-28 (modified to fit the allegations in this case).

Nor does the law does require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw Mr. Heppner within the ambit of the conspiracy if it meets the essential requirements I have described.

Mr. Heppner also need not have joined the conspiracy at the outset. Mr. Heppner may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined as well as all that was done during the conspiracy's existence while he was a member.

However, I want to caution you that the mere association by one person with another person or group of persons does not make that first person a member of the conspiracy, even when coupled with knowledge that the second person (or group of persons) is taking part in a conspiracy.

In other words, knowledge without participation is not sufficient. What is necessary is that Mr. Heppner participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of its unlawful purpose.

PROPOSED INSTRUCTION NO. 22

Count Three, Conspiracy to Commit Securities Fraud and Wire Fraud:  Third Element—Overt Acts[31]

In addition to the other two elements, the government must also prove beyond a reasonable doubt that at least one of the co-conspirators took at least one overt act in furtherance of the conspiracy.

An overt act in furtherance of the conspiracy can be any act of any kind taken toward effectuating the conspiracy in any respect.

Thus, for example, if two persons conspire to commit a fraud and one of them makes a telephone call to help further the fraud, the overt act requirement is met even if the fraud is never otherwise carried out.

Although the Government need not prove more than one overt act, you must unanimously agree on which of the following specific act or acts, if any, the government has proven beyond a reasonable doubt:

- In May 2019, Mr. Heppner caused false representations to be made to GWG's special committee and its representatives;

- In November 2019, Mr. Heppner caused false representations to be made to GWG's special committee and its representatives;

- In December 2019, Mr. Heppner caused false representations to be made to GWG's special committee and its representatives.

---

[31]    This proposed instruction is derived from the Section 371 jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 29 (modified to fit the allegations in this case).

PROPOSED INSTRUCTION NO. 23

Count Four, False Statements to Accountants: Generally[32]

Count Four charges Mr. Heppner with making false statements to Beneficient's accountants.

In order to meet its burden of proof on the charge of making false statements to Beneficient's accountants, the government must prove beyond a reasonable doubt each of the following five elements:

First, that Beneficient was an issuer of securities;

Second, that Mr. Heppner was a director of officer of Beneficient in 2019;

Third, that Mr. Heppner either:

a)   made or caused to be made a materially false or misleading statement to Beneficient's accountants; or

b)   omitted to state, or caused another person to omit to state, to Beneficient's accountants any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading;

Fourth, that the false or misleading statements were made in connection with the preparation of Beneficient's financial statements and Benefient's financial statements were required under law to be filed with GWG's financial statements; and

Fifth, that Mr. Heppner acted willfully.

---

[32]    See 17 C.F.R. § 240.13b2-2(a) and 18 U.S.C. § 78ff(a).

41

PROPOSED INSTRUCTION NO. 24

Count Four, False Statements to Accountants:  First Element—Issuer of Securities

As to the first element, the government must prove beyond a reasonable doubt that Beneficient was an issuer of securities.[33]

An issuer of securities means any person who issues or proposes to issue any security.[34]

As I have told you previously, a "security" is an investment of money in a commercial, financial, or other business enterprise, with the expectation of profit or other gain produced by the efforts of others.[35]

---

[33]    *See* 17 C.F.R. § 240.13b2-2(a) ("No director or offer of an *issuer* shall . . . .") (emphasis added).

[34]    15 U.S.C. § 78c(a)(8) ("The term 'issuer' means any person who issues or proposes to issue any security").

[35]    This proposed instruction is derived from MANUAL OF MODEL CIVIL INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, (2025), Civil, Instruction No. 18.1, "Purpose and Selected Definitions".

<u>PROPOSED INSTRUCTION NO. 25</u>

<u>Count Four, False Statements to Accountants:  Second Element—Director or Officer of Isser</u>

As to the second element, the government must prove beyond a reasonable doubt that Mr. Heppner was an officer of Beneficient.[36]

An "officer" means a president, vice president, secretary, treasurer, or principal financial officer, comptroller or principal accounting officer, and any person routinely performing functions similar to these with respect to Beneficient.[37]

---

[36]  *See* 17 C.F.R. § 240.13b2-2(a) ("No *director or offer* of an issuer shall . . . .") (emphasis added).

[37]  This proposed instruction is derived from the Rule 13b2-2 jury charge given in *United States v. Armbruster,* 18-CR-130 (E.D. Wisc. July 30, 2021), ECF 309 at 22 (modified to fit the allegations in this case).

PROPOSED INSTRUCTION NO. 26

Count Four, False Statements to Accountants:  Third Element—False or Misleading Statement

As to the third element, the government must prove beyond a reasonable doubt that Mr. Heppner, directly or indirectly, made a false or misleading statement to Beneficient's accountants.

Specifically, the government must prove beyond a reasonable doubt that Mr. Heppner, directly or indirectly:

(a)    Made or caused to be made a materially false or misleading statement to Beneficient's accountant; or

(b)    Omitted to state, or caused another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to Beneficient's accountants.[38]

A statement is "material" if a reasonable accountant would conclude that it would significantly alter the total mix of information available to him.[39]

Count Four alleges that Mr. Heppner made or caused others to make affirmative misrepresentations and misleading statements to Beneficient's accountants in (a) February 2019 and (b) June 2019.

---

[38]    *See* 17 C.F.R. § 240.13b2-2(a) ("No . . . officer of an issuer shall, directly or indirectly (1) [m]ake or cause to be made a materially false or misleading statement to an accountant in connection with [] or (2) [o]mit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant").

[39]    *See SEC v. Straub*, 921 F. Supp. 2d 244, 268 (S.D.N.Y. 2013) (Sullivan, J.) ("The Second Circuit has not addressed this precise question.  However, the other courts to have addressed the issue have held that, for purposes of Rule 13b2-2, a statement is material if a reasonable auditor would conclude that it would significantly alter the total mix of information available to him.") (quotations and citations omitted).

44

You must be unanimous as to which, if any, of these two alleged false or misleading statements Mr. Heppner made, or caused others to make, to Beneficient's accountants.[40]

---

[40]    *United States v. Gagalis*, No. 04-CR-126, 2006 WL 931909, at \*5 (D.N.H. Apr. 7, 2006)("Under the plain language of Rule 13b2-2, the appropriate unit of prosecution is the making of a materially false or misleading statement (or the omission of a material fact). Count five alleges multiple instances in which defendants made false or misleading statements to [the] outside auditors . . . . [D]ismissal of count five is not required even though it is duplicitous. Instead, if the evidence presented by the government warrants, defendants may request a jury instruction requiring unanimity on at least one violation of fount five.").

PROPOSED INSTRUCTION NO. 27

Count Four, False Statements to Accountants:
Fourth Element—"In Connection With" Documents Required by Law to be Filed with the SEC

As to the fourth element, the government must prove beyond a reasonable doubt that the false or misleading statement was made to Beneficient's accountants in connection with the preparation of Beneficient's financial statements.[41]

The government must also prove beyond a reasonable doubt that Beneficient's financial statements were required under law to be filed along with GWG's financial statements, and that both were filed with the United States Securities and Exchange Commission.[42]

---

[41]    *See* 17 C.F.R. § 240.13b2-2(a) (false or misleading statement must be made "*in connection with* . . . [t]he preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise") (emphasis added).

[42]    *See* 17 C.F.R. § 240.13b2-2(a) (false or misleading statement must be made "in connection with . . . [t]he preparation or filing of any document or report *required to be filed with the Commission pursuant to this subpart or otherwise*") (emphasis added).

PROPOSED INSTRUCTION NO. 28

Count Four, False Statements to Accountants:
Fifth Element—Knowingly and Willfully

As to the fifth element, the government must prove beyond a reasonable doubt that Mr. Heppner acted knowingly and willfully.[43]

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.[44]

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law[45] **and with knowledge that his conduct is wrongful.**[46]

---

[43]    15 U.S.C. § 78ff(a) ("Any person who willfully violates . . . any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter . . .  shall upon conviction be fined not more than $5,000,000, or imprisoned not more than 20 years, or both)."

[44]    This proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 57-24, "Second Element—Knowledge, Intent, and Willfulness" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the allegations in this case).

[45]    This proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal Instruction No. 57-24, "Second Element—Knowledge, Intent, and Willfulness" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the allegations in this case).

[46]    *United States v. Kaiser*, 609 F. 3d 556, 569 (2d Cir. 2010) (willfulness requires "an awareness of the general wrongfulness of [the defendant's] conduct").

47

PROPOSED INSTRUCTION NO. 29

Count Five: Falsifying Documents with the Intent to Obstruct an SEC Investigation[47]

Count Five alleges that Mr. Heppner, in May 2021, falsified the minutes of a committee meeting of Beneficient's board of directors with the intent to impede, obstruct, and influence an SEC investigation.

In order to meet its burden of proof on this charge, the government must prove beyond a reasonable doubt each of the following three elements:

First, Mr. Heppner falsified or caused the falsification of a document;

Second, Mr. Heppner acted knowingly; and

Third, Mr. Heppner acted with the intent to impede, obstruct, or influence an investigation by the SEC.

The first element is that Mr. Heppner falsified, or caused another, to falsify a document. Tampering with a pre-existing document may constitute falsifying a document.

The second element is that Mr. Heppner acted knowingly. **To act "knowingly" in this context means to act consciously and deliberately rather than mistakenly or inadvertently**.[48] Whether Mr. Heppner acted knowingly may be proven by Mr. Heppner's conduct and by all of the facts and circumstances surrounding the case.

The third element the government must prove beyond a reasonable doubt is that Mr. Heppner acted with the intent to impede, obstruct, or influence an SEC Investigation. The

---

[47] Unless otherwise noted in bold type, this proposed instruction is derived from the Section 1519 jury charge given in *United States v. Shea*, 20-CR-412 (S.D.N.Y. Nov. 18, 2022) (Torres, J.), ECF 347 at 742-44 (modified to fit the relevant allegations in this case).

[48] *United States v. Newkirk*, 14-CR-534 (S.D.N.Y. Dec. 30, 2015) (Rakoff, J.), ECF 106 at 2212.

government is not required to prove that Mr. Heppner knew his conduct would obstruct the SEC's investigation.

However, the government is required to prove that the SEC investigation Mr. Heppner allegedly intended to impede, obstruct, or influence did in fact concern a matter within the jurisdiction of the SEC.

PROPOSED INSTRUCTION NO. 30

Venue[49]

The indictment alleges that some act in furtherance of the offense charged occurred here in the Southern District of New York.

There is no requirement that all aspects of the alleged securities fraud scheme, alleged wire fraud scheme, alleged conspiracy, alleged false statements to accountants, and alleged obstruction of the SEC's investigation take place in the Southern District of New York.

The Southern District of New York includes Manhattan.

But for you to return a guilty verdict, the government must prove it is more likely than not that the following conduct occurred in the Sothern District of New York:

For the securities fraud, wire fraud, and conspiracy charges—you must find it is more likely than not that Mr. Heppner intentionally or knowingly caused an act in furtherance of these alleged offenses to take place in the Southern District of New York.[50]

For the charge of false statements to Beneficient's accountants—you must find that it is more likely than not that Mr. Heppner intentionally or knowingly caused Beneficient's accountants to receive the allegedly false and misleading statements in the Southern District of New York.[51]

For the charge of obstruction of an SEC investigation— you must find that it is more likely

---

[49]    Unless otherwise noted in bold type, this proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 3.09 "Venue" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the relevant allegations in this case).

[50]    *United States v. Royer*, 549 F.3d 886, 894 (2d Cir. 2008) (venue appropriate for criminal Rule 10b-5 charges where "the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue").

[51]    *United States v. Wilson*, 1-CR-53, 2001 WL 798018 (S.D.N.Y. July 13, 2001) (dismissing, without prejudice, a Rule 13b2-2 criminal charge based on lack of venue where the defendants argued "this violation is committed in the district where the allegedly false or misleading statements were made to the auditors").

than not that Mr. Heppner intentionally or knowingly caused a member of the Board of Directors of Beneficient to approve the minutes, in the Southern District of New York, that Mr. Heppner allegedly falsified or caused others to falsify.[52]

Remember that, for all the crimes alleged (Counts One through Five), the government must still prove all the elements I have described beyond a reasonable doubt. This instruction relates only to whether the offenses occurred, and may be properly tried, in the Southern District of New York.

---

[52]    *United States v. Heppner*, 25-CR-503, ECF No. 42 at 23-24 (April 6, 2026) ("Accordingly, in order to complete the charged crime, Heppner did not just generate the falsified minutes but also had them approved. Indeed, had board approval not occurred, Heppner would not have completed the act of knowingly 'falsif[ying]' or 'mak[ing] a false entry' in Beneficient's minutes . . . because the documents comprising those minutes are, by definition, the documents that have received board approval. And while board approval need not have occurred in this District, the Government alleges that it did occur here, at least in part, because one of Beneficient's board members allegedly attended the meeting at which the falsified minutes were approved from Manhattan.") (alterations in original).

## CONCLUDING INSTRUCTIONS

PROPOSED INSTRUCTION NO. 31

Selection of Foreperson:
Right to See Exhibits and Hear Testimony and Communications with the Court[53]

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room a thumb-drive with all the exhibits that were admitted into evidence. If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.

After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

---

[53] This proposed instruction is derived directly from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 30 (Instruction No. 22).

PROPOSED INSTRUCTION NO. 32

Verdict: Need for Unanimity and Duty to Consult[54]

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against Mr. Heppner, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden with respect to Mr. Heppner, you should find him guilty of that charge. Otherwise, you must find Mr. Heppner not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered.

On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.

---

[54]    This proposed instruction is derived directly from the jury charge given in *United States v. Petit and Taylor*, 19-CR-850 (S.D.N.Y. Nov. 16, 2020) (Rakoff, J.), ECF No. 127 at 31 (Instruction No. 23).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 25 CR. 503 (JSR) |
| BRADLEY HEPPNER, | |
| Defendant. | |

## **MR. HEPPNER'S PROPOSED JURY VERDICT FORM**

1.   **Securities Fraud**

On Count 1, the charge of securities fraud, we the jury unanimously find defendant Bradley Heppner:

Not Guilty _____          Guilty _____

2.   **Wire Fraud**

On Count 2, the charge of wire fraud, we the jury unanimously find defendant Bradley Heppner:

Not Guilty _____          Guilty _____

3.   **Conspiracy to Commit Securities Fraud and Wire Fraud**

On Count 3, the charge of conspiracy to commit securities fraud and wire fraud, we the jury unanimously find defendant Bradley Heppner:

Not Guilty _____          Guilty _____

**4.     False Statement to Accountants**

On Count 4, the charge of false statements to accountants, we the jury unanimously find defendant Bradley Heppner:

Not Guilty _____          Guilty _____

**5.     Falsification of Documents with the Intent to Obstruct an SEC Investigation**

On Count 5, the charge of falsifying documents with the intent to obstruct an SEC investigation, we the jury unanimously find defendant Bradley Heppner:

Not Guilty _____          Guilty _____

_____
Foreperson

_____
Date

2

Respectfully submitted,

Dated: April 14, 2026

*/s/ Benjamin A. O'Neil*

Benjamin A. O'Neil
Robert Zink
John ("Fritz") Scanlon
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC 20005
(202) 538-8151
benoneil@quinnemanuel.com
robertzink@quinnemanuel.com
fritzscanlon@quinnemanuel.com

Christopher J. Clore
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
christopherclore@quinnemanuel.com

*Counsel for Defendant Bradley Heppner*