UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 25 CR. 503 (JSR) |
| BRADLEY HEPPNER, | |
| Defendant. | |

**MR. HEPPNER'S PROPOSED PRELIMINARY INSTRUCTION TO THE JURY**

The defendant, Bradley Heppner is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is simply a charge or accusation. It is not evidence. The Indictment contains five charges, or counts. Each count accuses the defendant of committing a different crime, and I will discuss each count in turn. You must consider each count, and you must return a separate unanimous verdict for each count in which the defendant is charged.

Count One alleges that the defendant engaged in a scheme to defraud GWG through misrepresentations and omissions regarding a purported debt of Beneficient's, and the extent to which the defendant would benefit from repayment of the debt, in violation of Section 10(b) of the Securities Exchange Act.

Count Two alleges that the defendant engaged in a scheme to defraud GWG and Beneficient's prospective investors through misrepresentations and omissions regarding the same purported debt of Beneficient's, in violation of Title 18, United States Code, Section 1343.

Count Three alleges that the defendant conspired to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371.

Count Four alleges that the defendant made false statements to Beneficient's auditors, in violation of Section 13(b) of the Securities Exchange Act.

Count Five alleges that the defendant falsified records with the intent to impede, obstruct, or influence an investigation by the Securities and Exchange Commission, in violation of Title 18, United States Code, Section 1519.

Mr. Heppner has pleaded not guilty to these charges. This means that he is presumed innocent. That presumption of innocence remains in place until or unless you are satisfied the Government has proved any of the five charges beyond a reasonable doubt, a standard I will explain to you later in this case. At all times, the Government bears that burden of proof.

Respectfully submitted,


Dated:  April 20, 2026                    By:  /s/  Benjamin A. O'Neil
                                          Benjamin A. O'Neil
                                          Robert Zink
                                          Fritz Scanlon
                                          Clare Reardon
                                          Nithya Pathalam
                                          QUINN EMANUEL URQUHART
                                          & SULLIVAN, LLP
                                          555 13th Street NW, Suite 600
                                          Washington, DC 20005
                                          (202) 538-8151
                                          benoneil@quinnemanuel.com
                                          robertzink@quinnemanuel.com
                                          fritzscanlon@quinnemanuel.com
                                          clarereardon@quinnemanuel.com
                                          nithyapathalam@quinnemanuel.com

                                          Christopher J. Clore
                                          295 5th Avenue, 9th Floor
                                          New York, NY 10016
                                          (212) 849-7000
                                          christopherclore@quinnemanuel.com

                                          *Counsel for Defendant Bradley Heppner*