quinn emanuel  trial lawyers | washington, dc

555 13th Street NW, Suite 600, Washington, District of Columbia 20004-1109 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8101**

WRITER'S EMAIL ADDRESS
**benoneil@quinnemanuel.com**

May 3, 2026

**BY EMAIL**
The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

> Re:    *United States v. Bradley Heppner*, No. 25 Cr. 503 (JSR)

Dear Judge Rakoff:

Mr. Heppner respectfully submits this brief supplement to his May 1, 2026 letter, which seeks an order admitting certain exhibits that are relevant, authentic, admissible, and critical to Mr. Heppner's defense.  This brief supplement addresses the admissibility of three additional exhibits:

**A.     Petron A**

*Background*:  Petron A is a copy of minutes of a meeting of GWG's Special Committee held on December 29, 2019.  (Ex. A.)  In particular, Mr. Heppner seeks to admit into evidence the following excerpt from the meeting minutes:

> Foley presented a high-level summary of such factors, including (i) the benefits the Committee believed would be received by the Company in obtaining greater control of BEN, (ii) the benefits of the financial consolidation of the Company and BEN including improving debt capacity, which ultimately would improve Company liquidity, and providing greater transparency with respect to the BEN Group to the Company shareholders through financial reporting, (iii) the benefits of improving the financial profile of the BEN Group, which would improve its long term health and sustainability and support its chances to obtain a trust company charter which would enable the BEN Group to expand its business and (iv) the risks to the Company if it did not enter into the Transactions, including risks that if the contemplated transactions did not occur then the Company (including the failure to satisfy obligations) there would likely be an meaningful adverse impact on

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

BEN, including possibly causing a violation of certain financial covenants under the indenture governing its L Bonds.

*Authenticity*:  The exhibit was produced by the Government from the same files as other GWG Special Committee Minutes that the Government has moved into evidence, including GX-107, GX-108, and GX-109.  The exhibit is therefore authentic.

*Relevance*:  This exhibit is relevant to show that, in December 2019, GWG's Special Committee was focused on issues other than alleged misrepresentations by Mr. Heppner and others about Mr. Heppner's control over HCLP.  The exhibit is therefore relevant to show lack of materiality of any such alleged misrepresentations.  Indeed, the exhibit tends to show that GWG had critical business reasons for entering into the December 2019 transaction with Beneficient, including to avoid violating financial covenants governing GWG's issuance of L Bonds, which was GWG's primary way of raising money.  The exhibit is also relevant to rebut evidence admitted by the Government suggesting that the reason why GWG entered into the December 2019 transaction was because Mr. Heppner stated that the senior lender was demanding repayment. (*See, e.g.*, Tr. (Stone) at 793:17-798:20.)

*Admissibility*:  The exhibit is admissible as a business record under Federal Rule of Evidence 803(6).  The Government laid the foundation for such admission at trial, establishing through Mr. Stone that GWG Special Committee minutes were (1) generated at or near the time of the meetings by Foley lawyers who were present at the meetings, (2) kept in the course of the Special Committee's regularly conducted activity (i.e. its meetings), and (3) made as a regular practice of that activity.  (*See* Tr. (Stone) at 728:07-729:09.)  Indeed, prior to trial, the Government requested that Mr. Heppner stipulate that GWG Special Committee meeting minutes are admissible as business records.  The exhibit is therefore admissible under Federal Rule of Evidence 803(6).

## B.    Petron B and Petron C

*Background*:  Petron B is the case caption from the Complaint in *Goldberg v. Heppner*, No. 24-3090, which was filed on April 19, 2024, in the U.S. Bankruptcy Court for the Southern District of Texas.  (Ex. B.)  The Complaint was filed by the trustee of the GWG Litigation Trust against Mr. Chavenson, Mr. Heppner, and many others.  Petron C is the case caption from the Complaint in *Goldberg v. Foley & Lardner, LLP*, No. 24-03199, which was filed on September 27, 2024, in the U.S. Bankruptcy Court for the Southern District of Texas.  (Ex. C.)  The Complaint was also filed by the trustee of the GWG Litigation Trust, and the named defendant is Foley & Lardner, the law firm where Mr. Stone is a partner.

*Authenticity*:  The exhibits were obtained from the official court electronic document filing system for the U.S. Bankruptcy Court for the Southern District of Texas.  The exhibits are therefore authentic.

*Relevance*:  As has been briefed extensively, these exhibits are relevant to demonstrate certain Government witnesses' bias toward Mr. Heppner.  The filing of these lawsuits resulted in the witnesses having a financial interest in providing testimony that exonerates them, and points the finger directly at Mr. Heppner.

2

*Admissibility*:  These exhibits are admissible to show bias, which is always relevant, never collateral, and may be demonstrated through extrinsic evidence.  *See Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("The partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony.") (quotations omitted); *United States v. Blackwood*, 456 F.2d 526, 530 (2d Cir. 1972) ("Evidence of [bias or motive to falsify] is never collateral . . . for if believed it colors every bit of testimony given by the witness whose motives are bared.") (citations omitted); *United States v. Harvey*, 547 F.2d 720, 722 (2d Cir. 1976) ("The law is well settled in this Circuit, as in others, that bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely . . . including the testimony of other witnesses, to prove the facts showing a bias in favor of or against a party.").  In addition, the probative value of this evidence of bias far outweighs any risk of unfair prejudice.  Indeed, the Court allowed Mr. Heppner to cross-examine Mr. Stone regarding the lawsuit filed against Foley & Lardner.  (*See* Tr. (Stone) 799:07-802:09.)  And, Mr. Heppner does not seek to admit any allegations from the lawsuits, just the case caption of the Complaints.

Mr. Heppner therefore respectfully requests that the Court grant his request to admit the three exhibits described in this letter.

/s/ Benjamin O'Neil
Benjamin A. O'Neil

3