UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

BRADLEY HEPPNER,

              Defendant.

No. 1:25-CR-00503 (JSR)

## MR. HEPPNER'S ADDITIONAL AND AMENDED REQUESTS TO CHARGE

1

**GENERAL INSTRUCTIONS**

PROPOSED ADDITIONAL INSTRUCTION NO. 1

Similar Acts[1]

The Government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

---

[1]     This proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 5-25, "Similar Acts—Intent, Knowledge, Absence of Mistake" (Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, and Epstein).  The proposed instruction is modified by omitting the final two paragraphs to match the instruction upheld in *United States v. Brand*, 467 F.3d 179, 206 (2d Cir. 2006) (emphasis omitted):

> The government is offering evidence tending to show that on a different occasion the defendant . . . engaged in conduct similar to the charges in the indictment.

> In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar acts as a substitute for proof that the defendant committed the crime charged, nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of other, similar act was admitted for a much more limited purpose, and you may consider it only for that limited purpose.

PROPOSED ADDITIONAL INSTRUCTION NO. 2

Missing Witnesses[2]

You have heard evidence about a witness who has not been called to testify.  The defense has argued that the witness could have given material testimony in this case and that the Government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the Government and would have given important new testimony, and that the Government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the Government.

---

[2]    This proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 6-5, "Missing Witnesses Not Equally Available to Defendant" (Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, and Epstein).

If the Court declines to give a missing-witness instruction, Mr. Heppner must nevertheless be permitted to comment in summation on the Government's failure to call certain witnesses.  *See, e.g.*, *Simms v. Moscicki*, 2006 WL 2466811, at *3 (S.D.N.Y. Aug. 25, 2006) (permitting "defense in a limited way to comment on the fact that [an individual] was not called as a witness"); *United States v. Greschner*, 647 F.2d 740, 743 n.6 (7th Cir. 1981) ("[W]e see no grounds for the refusal of such comment [about the Government's failure to call the victim as a witness] in the defendant's closing argument.  That the defendant could have called the victim as a witness and did not do so, does not estop him from commenting on the government's failure to produce the victim."); *Johnson v. Griffin*, 2022 WL 3347771, at *13 (E.D.N.Y. Aug. 12, 2022) (permitting "defense counsel to comment in summation about [an individual]'s failure to testify, which comments mitigate the impact of a failure to give a missing witness charge"); *Abdul-Jaleel v. Kirkpatrick*, 2023 WL 3230422, at *6 (W.D.N.Y. May 3, 2023) ("Moreover, although the trial court did not give a missing witness instruction, the court did allow defense counsel to comment on multiple occasions during summation about the fact that neither the Victim nor her mother testified, and that their failure to testify could be inferred as a lack of evidence.").

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the Government, you may consider whether the witness's testimony would have merely repeated other testimony and evidence already before you.

**THE CHARGES**

PROPOSED AMENDED INSTRUCTION NO. 11

<u>Count One, Securities Fraud:  First Element—Fraudulent Transaction</u>[3]

The first element the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of Beneficient securities, Mr. Heppner made, or caused to be made, an untrue statement of material fact or omitted, or caused another to omit, to state a material fact that made what was said, under the circumstances, misleading.

With regard to the alleged misrepresentations, you must determine whether the statement was true or false when it was made, or whether the representation made failed to state a material fact that, under the circumstances, rendered the representation made misleading.

A material fact is one that would have been significant to a reasonable investor's investment decision. This is not to say that the government must prove that the misrepresentation would have deceived a person of ordinary intelligence. Once you find that there was a material misrepresentation or misleading representation, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

You need not find that the Mr. Heppner actually participated in any securities transaction if Mr. Heppner was engaged in fraudulent conduct that was "in connection with" a purchase or sale. The

---

[3]    Unless otherwise noted in bold type, this proposed instruction is derived from MODERN FEDERAL JURY INSTRUCTIONS (2026), Criminal, Instruction No. 57-21, "First Element— Fraudulent Act (Classic Fraud)" (Sand, Siffert, Loghlin, Reiss, Allen, Rakoff, and Epstein) (modified to fit the allegations in this case).

5

"in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the purchase of Beneficient securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

**The transaction at issue must involve a "security." A "security" is an investment of money in a commercial, financial, or other business enterprise, with the expectation of profit or other gain produced by the efforts of others.[4] A "security" may include an investment in a limited partnership.[5] But a "security" does not include an investment in a limited partnership where the investor has substantial managerial or supervisory control over the operation of the limited partnership.[6]**

---

[4]    This proposed instruction is derived from MANUAL OF MODEL CIVIL INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, (2025), Civil, Instruction No. 18.1, "Purpose and Selected Definitions" (modified to fit the allegations in this case).

[5]    *See, e.g.*, *Mayer v. Oil Field Sys. Corp.*, 721 F.2d 59, 65 (2d Cir. 1983) ("Where the investing limited partners exercised no managerial role in the partnership's affairs, courts have held that limited partnership interests are securities, at least when, as here, there were a considerable number of limited partners.")

[6]    *See Bamco 18 v. Reeves*, 675 F. Supp. 826, 830-31 (S.D.N.Y. 1987) (dismissing federal securities fraud claims because holder of limited partnership interest "had some control over the subject of its investment"); *Steinhardt Group Inc. v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997) ("Examining the economic reality of the transaction as a whole, we conclude that the limited partner retained pervasive control over its investment in the limited partnership such that it cannot be deemed a passive investor under *Howey* and its progeny. Accordingly, we find the securitization transaction here does not constitute an investment contract"); *Frazier v. Manson*, 651 F.2d 1078, 1080 (5th Cir. 1981) ("The District Court properly concluded that Frazier's managerial rights negated the possibility that his limited partnership interests were securities.").

6

**Finally, you must be unanimous as to the specific securities transaction that was undertaken in connection with the allegedly fraudulent conduct.**[7]

---

[7]     *United States v. Dioguardi*, 492 F.2d 70, 83 (2d Cir. 1974) ("It is true that there has been debate in the past over whether such transactions constitute a multiple offense, the essence of the violation being illegal use of the mails, or a single offense, the essence being fraud . . . . However, recent litigation involving fraud under the securities laws has resolved this debate in favor of the position that each transaction in a securities fraud case constitutes a separate offense.") (internal quotations and citations omitted); *United States v. Schlei*, 122 F.3d 944, 978-79 (11th Cir. 1997) ("[T]o avoid the vices of multiplicity in securities fraud cases, each count of the indictment must be based on a separate purchase or sale of securities and each count must specify a false statement of material fact—not a full blown scheme to defraud—in connection with that purchase or sale" and concluding that "where one of the charged [transactions] provides an improper basis for prosecution in the district, and no unanimity charge was given, a count containing two securities offenses is duplicitous")