UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

BRADLEY HEPPNER,

Defendant.

No. 1:25-CR-00503

**QUINN EMANUEL URQUHART & SULLIVAN, LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR BRADLEY HEPPNER**

Benjamin A. O'Neil
Robert Zink
John ("Fritz") Scanlon
Clare Reardon
Nithya Pathalam
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC 20005
(202) 538-8151
benoneil@quinnemanuel.com
robertzink@quinnemanuel.com
fritzscanlon@quinnemanuel.com
clarereardon@quinnemanuel.com
nithyapathalam@quinnemanuel.com

Christopher J. Clore
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
christopherclore@quinnemanuel.com

*Counsel for Defendant Bradley Heppner*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

DISCUSSION ..........................................................................................................2

I. BACKGROUND ..................................................................................................2

II. LEGAL STANDARD..............................................................................................2

III. ARGUMENT .......................................................................................................3

A. Quinn Emanuel and Mr. Heppner Have a "Fundamental Disagreement" That Has Ripened into an "Irreconcilable Conflict." .............................................3

B. Lines of Communication Have Broken Down Between Quinn Emanuel and Mr. Heppner ...................................................................................................4

C. Quinn Emanuel's Relationship with Mr. Heppner Has Rendered Continued Representation "Unreasonably Difficult" and Prevents Quinn Emanuel From Discharging Its Duties Effectively ..............................................................5

D. Mr. Heppner Consents to Quinn Emanuel's Withdrawal .......................................6

E. Quinn Emanuel is Prepared, at the Court's Request, to Provide a Full Proffer of Facts to the Court—*In Camera, Ex Parte*, and Under Seal................................6

CONCLUSION .........................................................................................................7

# TABLE OF AUTHORITIES

**Page**

## Cases

*Chase Bank USA, NA v. Allegro Law, LLC*,
08-CV-4039 (DRH) (WDW), 2011 WL13302729 (E.D.N.Y. June 23, 2011) .......... 6

*Delgado v. Donald J. Trump for Pres., Inc.*,
19-CV-11764 (AT) (KHP), 2023 WL 2975155 (S.D.N.Y. Mar. 10, 2023) .......... 7

*Farmer v. Hyde Your Eyes Optical, Inc.*,
60 F. Supp. 3d 441 (S.D.N.Y. 2014) .......... 5

*Guma v. City of Long Beach*,
23-cv-04529 (GRB) (JMW), 2025 WL 3653504 (E.D.N.Y. Dec. 17, 2025) .......... 5

*Interpool, Inc. v. JJS Transportation & Distribution Co.*,
22-cv-01103 (JMA) (JMW), 2022 WL 17335670 (E.D.N.Y. Nov. 30, 2022) .......... 5, 7

*Jimenez v. Garvies Point Bagel Corp.*,
24-CV-04449 (SJB) (JMW), 2025 WL 3299442 (E.D.N.Y. Oct. 7, 2025) .......... 4

*L.V. v. New York City Dep't of Educ.*,
19-CV-05451 (AT) (KHP), 2020 WL 6782234 (S.D.N.Y. Nov. 17, 2020) .......... 4

*Multi-State P'ship for Prevention, LLC v. Kennedy*,
24-CV-00013, 2026 WL 2601636 (E.D.N.Y Sept. 3, 2026) .......... 3, 4, 6

*Papadatos v. Home Depot U.S.A., Inc.*,
21-CV-3208 (WFK) (JMW), 2022 WL 2612353 (E.D.N.Y. June 10, 2023) .......... 5

*Ruiz v. Keratin Bar Inc.*,
No. 17-CV-2216 (VEC), 2020 WL 7079904 (S.D.N.Y. Dec. 3, 2020) .......... 3, 4

*United States v. Lawrence Aviation Indus.*,
No. CV 06-4818 (JFB) (ARL), 2011 WL 601415 (E.D.N.Y. Feb. 11, 2011) .......... 6

*Zou v. Han*,
23-CV-02370 (SJB) (JMW), 2025 WL 3299489 (E.D.N.Y. June 16, 2025) .......... 5

## Rules

Local Civil Rule 1.4 .......... 3

Local Criminal Rule 1.1(b) .......... 3

Rule of Professional Conduct 1.16(c)(4) ....... 3

Rule of Professional Conduct 1.16(c)(7) ....... 3

Rule of Professional Conduct 1.16(c)(10) ....... 3

Rule 29 ....... 2

S.D.N.Y. Local Civil Rule 1.4(b) ....... 3

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") respectfully submits this memorandum in support of its Motion to Withdraw as Counsel of Record for Bradley Heppner in connection with the above-captioned case.

## **PRELIMINARY STATEMENT**

Quinn Emanuel seeks to withdraw from its representation of Mr. Heppner in advance of (a) the due date for Mr. Heppner's sentencing submission (October 14) and (b) Mr. Heppner's scheduled sentencing hearing (October 21). Quinn Emanuel seeks to withdraw as counsel of record for Mr. Heppner because of a fundamental disagreement relating to (i) Mr. Heppner's sentencing submission and (ii) his sentencing more generally. This fundamental disagreement has ripened into an irreconcilable conflict and caused a complete breakdown in the lines of communication between Mr. Heppner and Quinn Emanuel regarding Mr. Heppner's upcoming sentencing. The fundamental disagreement between the parties coupled with the inability of the parties to communicate has made Quinn Emanuel's continued representation of Mr. Heppner unreasonably difficult, and Quinn Emanuel cannot effectively discharge its duties to Mr. Heppner. Under these circumstances, Quinn Emanuel respectfully submits that its motion to withdraw should be granted. Mr. Heppner consents to Quinn Emanuel's withdrawal as counsel of record in this case.

Quinn Emanuel is prepared, at the Court's request, to provide to the Court—*in camera*, *ex parte*, and under seal—the full facts and details of the events leading to the fundamental disagreement, the irreconcilable conflict, and the breakdown in communication between Quinn Emanuel and Mr. Heppner.

## DISCUSSION

## I. BACKGROUND

On May 7, 2026, Mr. Heppner was convicted on four of the five counts charged in the indictment: securities fraud, wire fraud, conspiracy to commit both, and making false statements to auditors. Mr. Heppner was acquitted on Rule 29 of the fifth count, obstruction of justice. Mr. Heppner maintains his innocence to all counts charged.

Since Mr. Heppner was convicted, the undersigned has advised him on (a) post-trial briefing under Rules 29 and 33 and (b) objections to the draft Presentence Investigation Report.

Mr. Heppner and the undersigned have developed fundamental disagreements on matters relating to sentencing, including (i) Mr. Heppner's sentencing submission (due on October 14) and (ii) Mr. Heppner's sentencing hearing (scheduled for October 21). These fundamental disagreements have grown more pronounced as Mr. Heppner's sentencing hearing approaches. As a result, the lines of communication between Mr. Heppner and the undersigned regarding sentencing matters have completely broken down, and Quinn Emanuel and Mr. Heppner are no longer able to communicate effectively and constructively.

On October 9, 2026, Mr. Heppner provided his consent to permit Quinn Emanuel to withdraw as his counsel of record in connection with the above-captioned case, citing disagreement concerning sentencing strategy.

## II. LEGAL STANDARD

Under the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case . . . . All motions to withdraw must be served upon the client [] and upon all other parties. Proof of such

> service upon the client shall be filed on the docket in each case where withdrawal is sought.

S.D.N.Y. Local Criminal Rule 1.1(b) (applying Local Civil Rule 1.4 to criminal cases); S.D.N.Y. Local Civil Rule 1.4(b) (quoting language above).

"Courts within this circuit have found 'satisfactory reasons' to include 'a client's lack of cooperation—including lack of communication—with counsel, and the existence of an irreconcilable conflict between attorney and client.'" *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216 (VEC), 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020) (internal citations and quotations omitted); *see* NYSBA Rule of Professional Conduct 1.16(c)(4) ("[A] lawyer may withdraw from representing a client when . . . the client insists upon taking action with which the lawyer has a fundamental disagreement"). "Similarly, it is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Ruiz*, 2020 WL 7079904, at *2; *see* NYSBA Rule of Professional Conduct 1.16(c)(7) ("[A] lawyer may withdraw from representing a client when. . . .the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."). Finally, the "lack of opposition [from the client] also suggests that the withdrawal is the appropriate course." *Multi-State P'ship for Prevention, LLC v. Kennedy*, 24-CV-00013, 2026 WL 2601636, at *2 (E.D.N.Y Sept. 3, 2026); *see* NYSBA Rule of Professional Conduct 1.16(c)(10) ("[A] lawyer may withdraw from representing a client when . . . the client knowingly and freely assents to termination of the employment").

## III. ARGUMENT

### A. Quinn Emanuel and Mr. Heppner Have a "Fundamental Disagreement" That Has Ripened into an "Irreconcilable Conflict."

Over the past two weeks, Mr. Heppner and Quinn Emanuel have developed a "fundamental disagreement" regarding (a) Mr. Heppner's sentencing submission and (b) Mr. Heppner's

upcoming sentencing hearing. This fundamental disagreement has ripened into an "irreconcilable conflict" as the deadline for Mr. Heppner's sentencing memo approaches. Quinn Emanuel and Mr. Heppner are at an impasse and unable to resolve this fundamental disagreement in advance of (a) the deadline for Mr. Heppner's sentencing memorandum on October 14, 2026 and (b) Mr. Heppner's sentencing, currently set for October 21, 2026.

Such a fundamental disagreement and irreconcilable conflict counsel in favor of withdrawal. *See, e.g.*, *L.V. v. New York City Dep't of Educ.*, 19-CV-05451 (AT) (KHP), 2020 WL 6782234, at *3 (S.D.N.Y. Nov. 17, 2020) (granting attorney's motion to withdraw where "a fundamental disagreement exists between counsel and L.V. that is not able to be resolved"); *Jimenez v. Garvies Point Bagel Corp.*, 24-CV-04449 (SJB) (JMW), 2025 WL 3299442, at *2 (E.D.N.Y. Oct. 7, 2025) (granting attorney's motion to withdraw on the basis of "an irreconcilable conflict between attorney and client"); *Multi-State P'ship for Prevention*, 2026 WL 2601636, at *2 (same).

**B. Lines of Communication Have Broken Down Between Quinn Emanuel and Mr. Heppner**

The fundamental disagreement and irreconcilable conflict regarding Mr. Heppner's (a) sentencing submission and (b) sentencing hearing has caused the lines of communication between Quinn Emanuel and Mr. Heppner regarding sentencing matters to break down completely. As a result, Mr. Heppner and Quinn Emanuel not only have a fundamental disagreement on sentencing matters, but the parties are unable to effectively communicate about those disagreements, which has caused an irreconcilable conflict.

This breakdown in communication between Quinn Emanuel and Mr. Heppner further counsel in favor of withdrawal. *See, e.g.*, *Ruiz*, 2020 WL 7079904, at *2 (noting that "a client's lack of cooperation—including lack of communication—with counsel, and the existence of an

irreconcilable conflict between attorney and client" warrant withdrawal, and concluding that "the attorney-client relationship between Plaintiff and Borrelli has completely broken down such that continued representation would be unreasonably difficult if not impossible"); *Guma v. City of Long Beach*, 23-cv-04529 (GRB) (JMW), 2025 WL 3653504, at *2 (E.D.N.Y. Dec. 17, 2025) (granting attorney's motion to withdraw where the circumstances "evidence 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client'") (quoting *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014)).

### C. Quinn Emanuel's Relationship with Mr. Heppner Has Rendered Continued Representation "Unreasonably Difficult" and Prevents Quinn Emanuel From Discharging Its Duties Effectively

The fundamental disagreement regarding Mr. Heppner's sentencing matters, coupled with the complete breakdown in communications as sentencing rapidly approaches, has rendered Quinn Emanuel's continued representation of Mr. Heppner "unreasonably difficult."

Given that the deadline for submitting Mr. Heppner's sentencing memorandum is October 14, and sentencing is scheduled for October 21, Quinn Emanuel cannot discharge its duties effectively.

This inability of Quinn Emanuel to discharge its duties effectively also counsels in favor of withdrawal *See, e.g.*, *Interpool, Inc. v. JJS Transportation & Distribution Co.*, 22-cv-01103 (JMA) (JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client—like here—that is sufficient grounds to grant the application."); *Papadatos v. Home Depot U.S.A., Inc.*, 21-CV-3208 (WFK) (JMW), 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2023) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant a motion to withdraw."); *Zou v. Han*, 23-CV-02370 (SJB)

(JMW), 2025 WL 3299489, at *2 (E.D.N.Y. June 16, 2025) ("Additionally, when a client makes it unreasonably difficult for an attorney to effectively carry out representation of the client, withdrawal is warranted.").

**D. Mr. Heppner Consents to Quinn Emanuel's Withdrawal**

Quinn Emanuel has informed Mr. Heppner that it is not able to continue its representation of him under these circumstances. On October 9, 2026, Mr. Heppner informed Quinn Emanuel that he is not comfortable proceeding with Quinn Emanuel as his counsel in light of the breakdown of the relationship and disagreements about sentencing strategy. Mr. Heppner explicitly consented to Quinn Emanuel's withdrawal.

Such consent further counsels in favor of withdrawal. *See, e.g.*, *Multi-State P'ship*, 2026 WL 2601636, at *2 ("[C]onsent is yet another ground that warrants withdrawal."); *Chase Bank USA, NA v. Allegro Law, LLC*, 08-CV-4039 (DRH) (WDW), 2011 WL13302729, at *1 (E.D.N.Y. June 23, 2011) ("AmeriCorp.'s informed consent militates in favor of permitting Venable to withdraw."); *United States v. Lawrence Aviation Indus.*, No. CV 06-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("[W]here a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted.")

**E. Quinn Emanuel is Prepared, at the Court's Request, to Provide a Full Proffer of Facts to the Court—*In Camera, Ex Parte*, and Under Seal**

Due to concerns regarding the disclosure of matters covered by the attorney-client privilege, Quinn Emanuel has not, in this filing, provided a detailed accounting of the underlying facts supporting the fundamental disagreement, the irreconcilable conflict, and the complete breakdown in communications by and between Quinn Emanuel and Mr. Heppner. Quinn Emanuel will, at this Court's request, be prepared to provide such facts—*in camera*, *ex parte*, and under

seal—should the Court ask or require an understanding of the core facts and circumstances animating the conflict between Quinn Emanuel and Mr. Heppner.

Such a procedure is often followed where attorneys file a motion to withdraw. *See, e.g.*, *Delgado v. Donald J. Trump for Pres., Inc.*, 19-CV-11764 (AT) (KHP), 2023 WL 2975155, at *1 (S.D.N.Y. Mar. 10, 2023) (granting attorney's motion to withdraw after holding *ex parte* conferences with the attorney and directing attorney to submit an *in camera* affidavit providing further detail regarding his position); *Interpool*, 2022 WL 17335670, at *6 (noting that "[o]ne option is for counsel to seek leave to file an affidavit or declaration under seal explaining in detail the reasons for the withdrawal" but granting motion to withdraw without it, because, "[t]hough counsel is prepared to make a full *in camera* disclosure, the Court finds here that further detail is not necessary to determine the instant application.")

**CONCLUSION**

For the reasons set forth above, Quinn Emanuel respectfully requests that this Court grant its Motion to Withdraw as Counsel of Record for Mr. Heppner in connection with the above-captioned case.

Respectfully submitted,

Dated: October 11, 2026

/s/ [signature]

Benjamin A. O'Neil
Robert Zink
John ("Fritz") Scanlon
Clare Reardon
Nithya Pathalam
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC 20005
(202) 538-8151
benoneil@quinnemanuel.com
robertzink@quinnemanuel.com
fritzscanlon@quinnemanuel.com
clarereardon@quinnemanuel.com
nithyapathalam@quinnemanuel.com

Christopher J. Clore
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
christopherclore@quinnemanuel.com

*Counsel for Defendant Bradley Heppner*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this filing has been served on all counsel of record in this case via the Court's CM/ECF system, and upon Mr. Heppner via e-mail, hand delivery, and certified mail.

Benjamin A. O'Neil